JEREMY WHALEN, Respondent, *v.* JOHN KEITH, Appellant.

*Nuisance—Action.*—An action lies against the owner of property who negligently or wilfully misues his own property to the annoyance of his neighbor, by putting up a smoke pipe in such a manner that the smoke escaping therefrom becomes a nuisance or injury to the occupants of the adjoining premises.

*Appeal from St. Louis Law Commissioner's Court.*

*Garesché & Farish,* for appellant.

There are but two points presented for the decision of the court.

I. Had the justice jurisdiction of the action, or is there anything alleged in the complaint to render the defendant *liable in this action?*

II. Could the plaintiff, in the absence of proof of trespass or encroachment upon his premises by defendant, recover, or should not the instruction asked by defendant have been given?

This was an action for a "*private nuisance*," and unless a justice of the peace had jurisdiction, the motion to dismiss should have been sustained and the instruction given. R. C. 1855, p. 925, § 3, giving justices of the peace jurisdiction in cases of injuries to persons, or to real or personal property, cannot, either in language or spirit, include a case like the one at bar.

*J. B. Higdon,* for respondent.

In the court below, on the trial of this cause, an informal demurrer, or a motion to dismiss the suit, was made by the appellant on the ground that no sufficient cause of action was alleged, which demurrer or motion was overruled. Respondent contends that the same was properly overruled, for the reason that the respondent's complaint, before the justice and in the Law Commissioner's Court, alleged, not only the damage from nuisance on appellant's premises, but also an *encroachment* on the premises of respondent; without which

last allegation, however, respondent insists that the demurrer or motion was properly overruled, as the law requires "every person so to use his own rights and property as to do no injury to those of his neighbor," &c., &c. (Tayl. Land. & Ten., 134, 135, 137 & 143,) which lays down a principle of law so well established, as to render unnecessary a reference to the other authorities on the same point.

The evidence tended to show, that the appellant not only erected a shed over the stove pipes by him set up, preventing the escape of the smoke in any other direction but that of respondent's house, but turned the pipes towards his house, and extended them on to and over the premises of the respondent.

The court below properly refused the instruction asked by appellant. (Sedg. on Dam., 44, 91, 116, 138, 145, 480, 484.)

BATES, Judge, delivered the opinion of the court.

This was a suit brought before a justice of the peace by a complaint, as follows:

" Plaintiff states that he has been damaged by defendant to the amount of fifty dollars, in this, that he, plaintiff, is owner and occupier of certain premises described as follows: one house and lot situated on Poplar street, south side, between Nineteenth and Twentieth streets ; that defendant is the owner and occupier of premises adjacent to the house occupied by plaintiff ; that said defendant has erected or caused to be erected on his (defendant's) premises, a certain frame shed, a portion of which encroaches on the premises of plaintiff, and that from said shed project two stove pipes, the smoke from which, through the wilfulness, negligence and carelessness of said defendant, escapes into and on the premises of plaintiff, rendering his house almost untenantable, and otherwise injuring the same, whereby plaintiff is damaged in the sum of fifty dollars, as above stated, and for which said sum he prays judgment against said defendant."

The defendant filed with the justice a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The justice overruled the demurrer, and then, on the application of the defendant, the case was removed by change of venue to another justice, before whom it was tried and judgment given for the plaintiff for fifty dollars, from which the defendant appealed to the Law Commissioner's Court, where judgment was again given for the plaintiff for fifty dollars, and the defendant appealed to this court. At the trial before the Law Commissioner, the defendant moved the court to dismiss the suit, for the same reason stated in his demurrer before the justice. The commissioner properly overruled the motion; for the complaint, or statement, showed substantially an injury done to the plaintiff's property, by the negligent use by the defendant of his own property, and the precision required in pleading in courts of record is not required in cases before justces. No question was raised of the jurisdiction of the justice.

The evidence given tended to prove the plaintiff's case substantially.

The defendant asked this instruction, which was refused: " If the shed, from which the smoke is alleged to have escaped, was entirely upon the premises of defendant, and no smoke pipe encroached, or was carried over, on, or into premises of plaintiff, the plaintiff is not entitled to recover."

The court did not err in refusing this instruction. The evidence showed that the plaintiff was injured by the defendant's negligent or wilful misuse of his property, although neither the shed nor the smoke pipes projected over, or into, plaintiff's property. It appeared in evidence that, before the suit was brought, the plaintiff had gone to the defendant and asked him to remove his stove pipe, because it caused him great inconvenience, and that the defendant refused to do so.

The judgment is therefore affirmed, with ten per cent. damages. Judges Bay and Dryden concur.