JOSEPH KIRCHGRABER, Appellant, v. WESTLEY LLOYD et al., Respondents.

St. Louis Court of Appeals, October 23, 1894.

1. **Nuisances:** BRICK-KILN. A brick kiln is not a nuisance *per se*. But it will be one in fact, when vapors and smoke arising from it are productive of material discomfort to the occupant of an adjoining residence, or his family; it is not essential that it should cause him pecuniary loss.

2. ———: ———: INSTRUCTIONS. An instruction, submitting to the jury the issue of fact whether the brick kiln is a nuisance, should inform them what is essential to render it a nuisance.

3. ———: ———: EVIDENCE. In the trial of this issue, evidence of the effect of smoke and fumes produced by other brick kilns to premises adjacent thereto is irrelevant; but *held*, in the course of discussion, that a person qualified by experience may state, after an examination of the premises, his opinion as to the probable effect of the smoke and vapors arising from the kiln in question.

4. **Appellate Jurisdiction**: AMOUNT IN CONTROVERSY. When a plaintiff appeals from a judgment for the defendant, the amount for which judgment is asked is not in all cases the amount in dispute for the purposes of appellate jurisdiction. The real amount in dispute controls, when the record shows definitely that it is less than the amount demanded.

*Appeal from the Greene Circuit Court.*—HON. C. V. BUCKLEY, Special Judge.

REVERSED AND REMANDED.

*T. J. Delaney* and *Haseltine Bros.* for appellant.

*J. A. Patterson* and *Goode & Cravens* for respondents.

BIGGS, J.—This is an action on the case for a nuisance. *Paddock v. Somes*, 102 Mo. 226. The plaintiff is the owner of a small farm near the limits of the city of Springfield. The defendants own a tract of land in the immediate vicinity, upon which they make and burn brick. The plaintiff in his petition claims that, during the years 1889, 1890, 1891 and 1892, the smoke, fumes, vapors and gases arising from the burning brick kilns on the premises of the defendants, had injured and destroyed the crops of grass, grain and vegetables, and the fruit and ornamental trees, flowers and berries growing on his land, and that he was also injured in the use and enjoyment of the premises as a place of residence by reason of such vapors, gases, etc., passing into his dwelling house. He claimed judgment for $3,000 damages, and he also asked for a perpetual injunction against the further maintenance of the alleged nuisance. The answer of the defendants was in effect a general denial. The jury found the issues for the defendants, and judgment was entered for them. On this appeal the plaintiff complains of the action of

the court in giving and refusing instructions, and also in the admission of evidence.

At the instance of the defendants the court instructed the jury as follows: (*b*) "The court instructs the jury that, before the plaintiff can recover in this case, the burden is on him of proving clearly that the brick kiln in question of the defendants is a nuisance in fact, and that he has been substantially damaged thereby." The plaintiff complains of this instruction. He also complains of the following instruction, given by the court of its own motion: (*a*) "The court instructs the jury that the burden of proving by the weight of preponderance of evidence the allegations contained in plaintiff's petition rests on the plaintiff; and, unless the jury are satisfied from the evidence that plaintiff has so proved the truth of said allegations, that is, some damage to his property or substantial discomfort to his family or himself at his home, you will find the issues for the defendants." The court gave the following instruction, asked by the plaintiff. (*d*) "If the jury find from the evidence that the operation of the brick kilns was a nuisance to plaintiff, as defined in other instructions, and did injure (*sic*) or damage to the plaintiff, either in property or in the comfort of his home, then it is immaterial whether it damaged or annoyed anyone else or not."

The court refused the following instructions, asked by the plaintiff:

"1. The court instructs the jury that they will disregard all evidence in regard to other brick kilns and other localities, and the same are hereby excluded.

"2. The court instructs the jury that the only issue for you to determine from the evidence is the question, did the brick kilns injure or damage the plaintiff either in property or in the comfort of his home. If it damaged or injured him, it is immaterial

whether it damaged or annoyed anyone else or not."

The instruction given at the instance of the defendants is erroneous and misleading. It leaves the jury to determine whether or not the brick kiln in question was in fact a nuisance. How they were to determine this was not explained to them, either in this instruction or any other. Some structures, when located in close proximity to a family residence or other place of habitation, or when the filth therefrom is carried onto the premises of another, are necessarily nuisances. In this category may be classed a pig sty. *Smiths v. McConathy*, 11 Mo. 517. In such a case, when the existence of the structure under such circumstances is conceded or is undisputed, the question of nuisance is solely one of law for the court. But other structures, which are not nuisances *per se*, may, under certain conditions, become such. Brick kilns fall within this class. *Huckenstine's appeal*, 70 Pa. St. 102. In such a case, where the evidence is conflicting as to the fact of the injury or its nature and extent, the question of nuisance or no nuisance must be determined by the jury under proper instructions. If the plaintiff claims damage by reason of disturbance or discomfort in the enjoyment of his home, his evidence must tend to prove that the alleged discomfort was *material and not trivial*, or that the continuation of the use of the structure would *probably* result in the sickness of himself or the members of his household. Or, if the damages complained of relate to alleged injuries to property, the evidence must tend to show that such injury was real and tangible, or, as Mr. Wood in his work on nuisances puts it, must be "perceptible to the senses, or, to state the proposition somewhat more broadly, such an injury thereto as is visible and apparent to the eye of an ordinary person, and in no wise dependent upon scientific tests or microscopic investigations to discover. The law only deals

with real, substantial injuries, and such as arise from a wrongful use of property, and will not lend its aid to check one engaged in a lawful pursuit simply because his neighbor is annoyed, or even damaged thereby, unless the use complained of is both in violation of that neighbor's right and unreasonable." Wood on Nuisances [3 Ed.], section 497. As there was a sharp conflict in the evidence touching all the issues, it is manifest that in the respect indicated the instruction was erroneous and insufficient.

Again, the instruction is so worded as to admit of the inference by the jury that the plaintiff could not recover, unless he had suffered some special damage or pecuniary loss. That is not the law in actions for private nuisances. If the vapors and smoke from the kiln were such as to produce material discomfort to the plaintiff or his family in the occupancy of their home, this would have entitled plaintiff to a verdict, although he had suffered no special damage or pecuniary loss on account of it. In this respect we think that the instruction was obscure and calculated to mislead the jury. What we have said is sufficient for a retrial of the cause, and renders unnecessary further discussion of the instructions.

The court permitted the defendants to prove by Thomas J. Rand that for many years he had been engaged in the burning of brick; that his house was situated adjacent to his brick kilns, and that the trees and vegetation on *his premises* had in no way been injured by the smoke or fumes from his brick kilns, and that the discomfort to *his family* had been trivial. The testimony as presented was incompetent. If the witness, before testifying, had examined the plaintiff's premises and the location of the defendants' brick kilns, his experience and observation would have rendered him a competent witness to give his opinion as

to the probable effect of the smoke, etc., on the plaintiff's premises. In this we are supported by Mr. Wood. He says: "To establish the fact of nuisance, where the question is, where the maintenance of a privy, pig sty, etc., emitting noisome stenches near another's dwelling or place of business, is a nuisance, the opinion of witnesses who have personally examined the premises, and are acquainted by personal observation with the effect which such uses produce upon the air, are competent to show that the effluvia from such uses must necessarily render the plaintiff's premises uncomfortable as a place of abode or of business. And the same principle applies to nuisances arising from other causes, as from smoke, noxious vapors, interference with water courses, etc." Wood on Nuisances [3 Ed.], sec. 610.

In the case of *Kearney v. Farrell*, 28 Conn. 317, which was an action on the case for a nuisance, the question was whether a certain privy and pig sty placed by the defendant near the dwelling house of the plaintiff were nuisances. The court held that persons who had examined the premises and were acquainted by observation with the effect upon the air in such cases might give their opinion, in connection with the facts, as to the effects of the effluvia from the privy and sty on the plaintiff's dwelling house. A few extracts from the opinion will show the reasons for the conclusion reached. BUTLER, J., who delivered the opinion, said: "The witnesses testified that they were acquainted with the effects which privies and sties have upon the air about them. It is obvious, then, that, if the subject-matter was of such a character that they could become experts, they were experts and as such properly permitted to testify. And if such was not the character of the subject-matter, yet we are clearly of the opinion that the testimony was admissible within the principles sanctioned by this court in the case of *Porter v.*

*Pequonnoc Manufacturing Co.*, 17 Conn. 249." In the case cited, persons who were personally acquainted with the character of the stream, and the dam erected thereon, were permitted to give their opinion as to the sufficiency of the dam to withstand the stream. Their testimony was admitted, not on the ground that they were experts, but for the reason that they were practical and observing men, and, being acquainted with the facts, their judgment or opinion was admissible. It was said in the opinion: "To preclude them from giving their opinion on the subject, in connection with the facts testified to by them, would be to close an ordinary and important avenue to the truth." We, therefore, conclude that the testimony of Rand, as presented, was inadmissible, and should have been excluded by the court.

The defendants make the point that the amount in dispute exceeds the limit fixed by the constitution in defining and limiting the jurisdiction of this court. It is true that the plaintiff asked judgment for $3,000, but the amount demanded by the plaintiff does not in all cases determine "the amount in dispute." When the record shows definitely that the real amount in dispute is less than the amount demanded, the former should govern. *Anchor Milling Co. v. Walsh*, 97 Mo. 287. Taking the most favorable view of the plaintiff's evidence, his actual damage would be less than $1,000.

With the concurrence of the other judges the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.