WILLIAM A. WHIPPLE, Appellant, v. ROBERT J. McINTYRE, Respondent.

St. Louis Court of Appeals, February 23, 1897.

1. **Nuisance, Private**: PLEADING. A petition for damages for the maintenance of a private nuisance, with a prayer for injunction to prevent its continuance, states but a single cause of action, for which double relief is asked; and it was error to treat the petition as a bill in equity, as for injunction, and ignore the allegation of damages.

2. ———: MAINTENANCE OF PIG PEN NEAR DWELLING: NUISANCE PER SE: DAMAGES: INJUNCTION. The maintenance of a hog pen or pigsty in close proximity to a dwelling house is a nuisance *per se,* for which an action may be maintained for damages and injunction in abatement.

*Appeal from the Lawrence Circuit Court.*—Before HON. EDWARD J. WHITE, Special Judge.

REVERSED AND REMANDED (*with directions*); all the judges concurring, Judge BIGGS in the result.

*Samp Jennings* and *N. Gibbs* for appellant.

As to what constitutes a nuisance, see *Winfield v. Carrollton*, 50 Mo. App. 103, 104; Wood on Nuisances, sec. 599.

A swine yard or pig pen in close proximity to a residence is *per se* a nuisance. 2 Whar. Crim. Law [5 Ed.], p. 362; *Kirchgraber v. Lloyd*, 59 Mo. App., at 62.

The rule that plaintiff must first establish his right at law does not apply to nuisance *per se. Bridge Co. v. R. R.*, 6 Paige, at 563.

In such cases it is not necessary that there should be proof of the amount in dollars and cents of the damages suffered, before a recovery of general damages can be had.    *Smith v. McConathy*, 11 Mo., at 517; *R'y v. Baptist Church*, 137 U. S. 568.   See, also, Wood on Nuisances, sec. 871; *Berlin v. Thompson*, 61 Mo. App. 242, 243.

Under our Code all the relief to which a party is entitled, arising from the same transaction, or for injuries to person or property or both, may be obtained in one suit.    Bliss on Code Pl., sec. 112, note.   See, also, *Paddock v. Somes*, 102 Mo., at 235, 236, citing, *Blair v. R. R.*, 89 *Id.* 383; *Woodworth v. Tanner*, 94 *Id.* 124; *Henderson v. Dickey*, 50 *Id.* 161.

*Joseph M. McPherson* and *Henry Brumback* for respondent.

The entire case is an action at law.    *Hudson v. Burk*, 48 Mo. App. 314, at 317.

Even if there be another branch to this case, and that equitable, relating to the right, or not, of plaintiff to interposition by injunction, the case was rightly determined.    *Parker v. Cotton and Woolen Co.*, 2 Black, 545.

A court of chancery should be well satisfied of the existence of a nuisance before it interferes by injunction.    *Arnold v. Klepper*, 50 Mo., at 277.   See, also, *Whinfield v. Carrollton*, 58 Mo. App., at 105; *Paddock v. Somes*, 102 Mo., at 240; *Flint v. Hutchinson Co.*, 110 Mo. 492.

As to what constitutes a nuisance *per se*, see *City v. Russell,* 116 Mo., at 259.   See, also, as to nuisances, Wood on Nuisances, sec. 518.

BLAND, P. J.—William A. Whipple brought this suit against Robert J. McIntyre for keeping upon his lot a pig pen so near to the dwelling house of Whipple as to be injurious to the health and to detract from the comfort of Whipple and his family. The petition, omitting formal parts, is as follows:

"The plaintiff, William A. Whipple, states that he is now with his family in the actual occupation of a certain dwelling house as a residence situate on a tract or lot of land in the city of Mt. Vernon, in Lawrence county, Missouri, described by metes and bounds as follows: Beginning one hundred and eighty feet south of the northwest corner of lot seven in block four in McCanse and Wright's addition to the town (now city) of Mt. Vernon, in said Lawrence county, thence east one hundred and ten feet, thence south sixty feet, thence west one hundred and ten feet and thence north sixty feet to the place of beginning; that the defendant, Robert J. McIntyre, is with his family in the actual occupancy, as a residence, of a tract or lot of land in said city which is situated on the north side of said tract so occupied by this plaintiff and immediately adjacent thereto, that after plaintiff had built said dwelling house so occupied by him, and after he with his family was in the actual occupation thereof, the defendant constructed and still maintains a barn and an inclosure, commonly called a barnyard, in connection therewith on the south side of said lot so the said barnyard is adjoined to and immediately adjacent to the lot so occupied by this plaintiff as aforesaid and is at a distance of only fourteen feet from the dwelling house so occupied by the plaintiff, that said lot is of small dimensions and contains an area of only a few square yards; that the defendant now keeps and has for three months prior to this day kept several swine in said barnyard and has for a long time prior to this date fed

said swine and does yet feed said swine slops and other refuse from defendant's kitchen in said barnyard; that said slops and other feed so fed to said swine and the excrement from said swine, generates and gives off noxious and disagreeable gases, fumes, vapors and odors, which are carried by the winds upon and into the said dwelling house occupied by the plaintiff and his family; that said gases, fumes, vapors and odors are greatly injurious to the health, and detract from the comfort, of plaintiff and his family, and render the said dwelling house uncomfortable and unsafe for habitation, by reason of which plaintiff has suffered damages in the sum of $50.

"Plaintiff says that the damages suffered by the nuisances hereinbefore mentioned are incapable of compensation; that the injury to plaintiff and his family thereby caused are not susceptible of compensation by damages, and that he is totally without remedy by action at law. Wherefore plaintiff prays that an order issue enjoining and restraining defendant from further maintaining and keeping swine in said barnyard, and from feeding slop and other feed to said swine in said barnyard, and from maintaining the nuisance aforesaid and for such other and further relief as to the court shall seem just and proper, and judgment for the sum of fifty dollars and damages.

"SAMP JENNINGS and N. GIBBS,
"Attorneys for Plaintiff."

To which petition the following answer was filed:

"Comes now the defendant and for answer herein says, that he denies each and every allegation of the petition, save that this defendant is the owner of and in the occupancy of a lot of land in said city, and of a dwelling house therein, in which he and his family reside, and a barn and a barnyard thereon.

"And defendant avers that, if such barnyard is in any degree or manner at any time noxious or unpleasant, such condition is caused by the plaintiff himself having turned the natural drainage and flow of the surface waters from his own said lot of land so as that the same have been diverted and caused to flow into and on the said barnyard of defendant, and there accumulate in larger quantities than otherwise they would, and such state of affairs may be remedied by plaintiff himself by simply removing such, his artificial embankments and obstructions to the natural flow of the surface waters from his own lot.

"WHEREFORE defendant asks to go hence.

"Jos. M. McPHERSON and
"HENRY BRUMBACK,
"Attorneys for Defendant."

The judge of the court was disqualified, and Edward J. White, Esq., was agreed upon to sit and hear the case. The petition was treated as a bill in equity, as for injunction, and was so tried before the court. After the evidence was all in the court entered a judgment dismissing the bill for want of equity. The allegation of damages was ignored throughout the trial and no finding was made upon that issue. This was a misconception of the cause of action, as stated in the petition. The action is for damages on account of the alleged nuisance, and a prayer for injunction to prevent its continuance. The petition does not join two separate causes of action in one count. It states but one cause of action (the maintenance of a private nuisance), and asks double relief, the assessment of damages, and the injunctive process of the court to prevent the continuance of the nuisance, from which damages would continue to daily accrue. In *Ware v. Johnson*, 55 Mo. 500, it is inti-

PRIVATE nuisance: pleading.

VOL. 69 app—26

mated that this may be done. Judge Bliss in his work on Code Pleading, speaking of cases of this kind, says: "The double relief is improperly spoken of as a union of two causes of action. * * * Under the Code there is but one count, and one form of action, and by a single complaint the aggrieved party may have all the relief to which he is entitled." Bliss Code Pleading [2 Ed.], secs. 166, 167, 168, 169, 170, 171.

The evidence in this case abundantly establishes the fact that McIntyre maintained on his premises a hog pen, within a few feet of Whipple's dwelling house, and was maintaining it at the date of the trial. MAINTENANCE of That noxious and offensive odors from pig pen near dwelling: nui- this pen polluted the air (when allowed to sance per se: damages: in- circulate) in the rooms of Whipple's junction. dwelling, is clearly and abundantly proven. That a pigsty, situated as this was, with reference to Whipple's residence, was a nuisance *per se*, scarcely needs authority to support the proposition. Ordinary experience and observation is sufficient to convince any one, with his olfactory nerves in a normal condition, that a pig pen, within fourteen to eighteen feet of a dwelling house, with windows and doors opening upon it, would materially interfere with the ordinary comforts and conveniences of human existence. This, according to modern law, is sufficient to constitute a private nuisance. Webb's Pollock on Torts, 496. But we have judicial authority for pronouncing McIntyre's pigsty a nuisance *per se*. *Broder v. Gaillard*, 45 L. J. Ch. 414; *Reinhart v. Mentasti*, 58 L. J. Ch. 787; Webb's Pollock on Torts, 500; *Kirchgraber v. Lloyd*, 59 Mo. App. 59, and authorities therein cited; 2 Wood on Nuisances, pp. 792, 793.

It is contended by respondent that appellant can not invoke the injunctive process of the court, until he has first established his right by law. This doctrine

is supported by many cases, but it has no application in a case like this where the law denounces the thing complained of as a nuisance *per se*. *McDonough v. Roberts*, 60 Mo. App. 156, and authorities cited. The law has pronounced in advance, in this case, the pig pen, situated as this one is, with reference to appellant's dwelling, a nuisance. The verdict of a jury finding it to be what the law has already pronounced it to be, would establish no legal right that appellant did not have before the verdict.

Under the evidence and pleading, the plaintiff was entitled to his assessment of damages, but for a nominal sum only, as no particular damages were proven. Following the spirit of the law as laid down by Judge SHERWOOD in *Paddock v. Somes*, 102 Mo. 226, we reverse the judgment and remand the case, with directions to the circuit court to enter judgment for plaintiff for one cent damages, and to perpetually enjoin and restrain defendant from further maintaining the nuisance in question.

All concur. Judge BIGGS in the result.

BIGGS, J. (*concurring*).—The opinion holds that the action is at law for damages with a prayer for injunctive relief. I concur in this. I also concur in the direction to enter a judgment for plaintiff for nominal damages, and for the abatement of the nuisance, for the reasons: first, that the undisputed physical facts prove that the pigsty, however clean it might have been kept, was in such close proximity to the plaintiff's dwelling house as necessarily to render it a nuisance; and second, that counsel for plaintiff stated at the argument that the main object of the suit was to abate the nuisance, and not to recover substantial damage. The case of *Paddock v. Somes*, 102 Mo. 226, furnishes no authority whatever for the disposition made of the case.