ARTHELIA A. ZUGG et al., Respondents, v. JACOB ARNOLD et al., Appellants.

St. Louis Court of Appeals, April 29, 1898.

1. Nuisance: PROCEEDINGS IN EQUITY TO ABATE: DECREE. Where the owners and proprietors of a slaughterhouse fail to keep the premises thereof as clean as could reasonably be done, and that thereby a continuous stench or odor of an obnoxious character reaches plaintiff's residence, a decree in accordance with these facts should be granted and an order should be given restraining defendants from conducting their slaughterhouse in such a manner as to cause offensive odors or stench to reach plaintiffs' residence.

2. Presumption: FAILURE TO PRESERVE EVIDENCE TAKEN AT THE TRIAL IN EQUITY. As the appellants have failed to preserve the evidence taken at the trial, every reasonable presumption or intendment must be indulged in support of the decree.

*Appeal from the Scotland Circuit Court.*—HON. EDWIN R. McKEE, Judge.

AFFIRMED.

J. M. JAYNE and N. M. PETTINGILL for appellants.

The court may in its discretion take the opinion of the jury, but he may disregard the findings. Bronson v. Wanzer, 86 Mo. 408. In such case, however, the court in its discretion may take the opinion of the

jury upon any specific question of fact, still it is not bound thereby and it may adopt or reject the same according to its best judgment. Same as above. A chancellor has the undoubted right to take the opinion of a jury on one or all the issues. He may adopt their conclusion, but is not bound by it. Hickey v. Drake, 47 Mo. 369. He may adopt or reject their finding as he sees fit. Snell v. Harrison, 83 Mo. 651. In equity proceedings the verdict of the jury on special issues submitted to them is not conclusive in the circuit court. 59 Mo. 52. The difference between the effect of a verdict in a case at law and a case in equity is at law the verdict must be set aside and in equity he can simply adopt or reject it. Thompson on Trials, sec. 884. And to properly determine whether the court should have adopted or rejected the whole verdict, bill of exceptions should have been filed preserving the evidence. Thompson on Trials, sec. 2772. The court may ignore the findings or any of them. Rosenburger v. Miller, 61 Mo. App. 422. The findings of the jury are never conclusive on issues submitted in equity and they do not have to be set aside, but they can disregard or adopt either in part or in whole. See authorities above cited. The court eventually in this case adopted the finding of the jury with reference to the continuous discharge from the buildings of an obnoxious odor, which reached the plaintiff's house and that they did not keep the building cleanly. This is the only issue that appeared to have been adopted by the court. The court could adopt any part of the issues. The petition contains a general prayer for relief. In rendering judgment the court is not confined to the relief prayed for in the petition, but may decree any relief consistent with the issues made and the proofs offered, whether asked for or not. Henderson v. Dickey, 50 Mo. 151; White v.

Rush, 58 Mo. 150; Ames v. Gilmore, 59 Mo. 537; Beal v. McVicker. It is no objection, therefore, that the judgment is not in accordance with the prayer of the petition. Henderson v. Dickey, 50 Mo. 161; Ames v. Gilmore, 59 Mo. 537. The prayer for relief does not constitute any part of the action. Saline Co. v. Sappington, 64 Mo. 72. Any relief appropriate to the facts alleged and proved may be granted under a general prayer for relief. Bevin v. Powell, 83 Mo. 365; Snyder v. Coleman, 72 Mo. 568; Conrad v. Howard, 89 Mo. 217.

SMOOT, MUDD & WAGNER for respondents.

It is not contended that the findings of the jury are conclusive upon the chancellor. Page v. Dixson, 59 Mo. 43. Or that he is not at liberty to disregard the findings and pronounce judgment. Weeke v. Senden, 54 Mo. 129. But in this case the court "regarded" the findings of the jury, made them his own and a part of the decree. And there is authority to the effect that the findings of the jury are conclusive unless set aside by the court. Cochran v. Moss, 10 Mo. 416; 1 McQuellan, Prac. & Plead, sec. 671. At law a verdict inconsistent in its findings can not be allowed to stand. Johnson v. Labarge, 46 Mo. App. 433, and the same reasoning would apply *a fortiori* to a decree. The decree must proceed on the theory assumed by the petition and conform to the case made out in the petition. Evans v. Gibson, 29 Mo. 223. Plaintiffs filing no reply, the estoppel pleaded in the answer is confessed, and if there was a bill of exceptions in this case the appellant would not look to it to ascertain whether the estoppel was sustained by proof. Moore v. Sauborin, 42 Mo. 490; R. S. 1889, secs. 2052, 2053.

BIGGS, J.—This is a proceeding in equity to abate a nuisance. The plaintiffs are husband and wife. Their residence is situated on twelve acres of ground near the city of Memphis. The defendants own an adjoining tract of land on which is located a slaughter-house, which was operated by the defendants at the time the suit was instituted. The plaintiffs complain that the noxious smells and odors which come continuously from the slaughterhouse, penetrate their dwelling, thereby rendering it unfit for occupation; that the smells and odors materially affect the comfort of plaintiffs and other members of their family; that the value of the property for residence purposes is destroyed, and that if defendants continue the slaughterhouse, the health of the plaintiffs and that of their family will likely be affected. The answer of the defendants is a general denial. It also pleads, by way of estoppel, that the slaughterhouse was built and in operation at the time the plaintiffs purchased their property, and that since that time they have, without protest or objection, allowed the defendants to spend large sums of money in improving and enlarging the slaughterhouse. In the trial of the cause the circuit court took the opinion of the jury upon some of the issues presented by the pleadings, which issues and the answers of the jury thereto are as follows:

"In your opinion is there a continuous discharge from the dwelling and premises occupied by defendant as a slaughterhouse of an obnoxious odor causing a continuous stench which reaches plaintiffs' residence? Yes. J. R. Miller, Foreman.

"In your opinion is plaintiffs' home rendered useless and valueless as a home on account of such an odor arising from defendants' slaughterhouse and premises? No. J. R. Miller, Foreman.

"In your opinion is plaintiffs' home rendered unfit for occupation on account of the smell OPINION of the jury. and odor arising from defendants' slaughterhouse and premises? No. J. R. Miller, Foreman.

"In your opinion does a stench and odor arise from defendants' slaughterhouse or premises which operate to destroy or materially diminish the comfort or use of plaintiffs' house as a dwelling? No. J. R Miller, foreman.

"In your opinion is the dwelling of plaintiffs rendered and made unhealthful on account of the stench or odor arising from defendants' slaughterhouse or premises? No. J. R. Miller, Foreman.

"Have the slaughterhouse premises been kept as clean as reasonably could have been done in your opinion? No. J. R. Miller, Foreman."

The decree recites that "the court adopts the findings of the jury, and the court therefore finds that there is a continuous discharge from the building and premises occupied by defendants as a slaughterhouse of an obnoxious odor, causing a continuous DECREE. stench which reaches plaintiffs' residence, and the court further finds that such stench and odor is thus caused by the failure of the defendants to keep said slaughterhouse and premises in as clean a condition as they could reasonably have kept the same." The court then ordered that the defendants be restrained from conducting the slaughterhouse in such a manner as to cause offensive odors or stenches to reach the plaintiffs' residence. The defendants have appealed. The evidence is not before us, there being no bill of exceptions. The contention of the defendants is that upon the face of the record the decree must be set aside, because it is inconsistent with the findings of the jury.

Zugg v. Arnold.

As the appellants have failed to preserve the evidence taken at the trial, every reasonable presumption or intendment must be indulged in support of the decree.

PRESUMPTION on failure to preserve evidence.

The decree recites that the court adopted the findings of the jury, that is the court in terms found that the slaughterhouse discharged a continuous odor or stench, which reached and penetrated the plaintiffs' dwelling and that the stenches were caused by the failure or neglect of the defendants to keep their premises clean; that the plaintiffs' house was not rendered useless or valueless as a home and that the health of the plaintiffs had not been affected by reason of the stench. To authorize the decree it was necessary for the court to find that the value of the plaintiffs' property as a home had been destroyed or materially affected by reason of the odors or stenches coming from the slaughterhouse, that is that the plaintiffs' house had either been rendered totally unfit for habitation, or that its use or comfort as a home had been materially diminished, or that the health of the plaintiffs or some member of the family had been impaired, or that such a result would likely happen, if the defendants were allowed to conduct it in its then condition. In accordance with the findings of the jury the circuit court found all the foregoing facts against the plaintiffs, except the last. It was averred in the petition that if the defendants were permitted to conduct the slaughterhouse in the future as it had been in the past, that the stenches would likely affect the health of plaintiffs' family. If true this afforded sufficient reason for the abatement of the slaughterhouse as a nuisance, or at least, a provisional order that it should be abated, unless conducted in a more cleanly manner. This issue was not submitted to the jury. Nor does the record affirmatively show that the court passed on it, but the presumption must

be that it did, and that the finding was in favor of the plaintiffs, for the reason that it was necessary to the judgment.   It is reasonable that the court should so find, for common experience teaches that smells arising from a badly kept slaughterhouse—one where no effort is made to dispose of the offal, are likely to affect the health of persons living in the immediate neighborhood.   There is no excuse for allowing such a place to become a nuisance, and the decree of the court imposes no unreasonable burden on the defendants; it merely requires of them to exercise a little care and to expend a little money in conducting their business, so as not to render the lives of their neighbors intolerable.   With the concurrence of the other judges, the judgment of the circuit court will be affirmed.