THE STATE EX REL. WILLIAM C. RENFROW ET AL. v. SERVICE CUSHION TUBE COMPANY ET AL., Appellants.—291 S. W. 106.

Court en Banc, February 15, 1927.

1. **PLEADING: Nuisance: Abatement: Parties.** An action to abate a public nuisance may be brought by private individuals at the relation of the State; and where the petition is signed by the prosecuting attorney on behalf of the State, it will be presumed, in the absence of a showing to the contrary, that he had authority to sign it, and it will not be held upon a mere objection to the introduction of evidence that the petition does not state a cause of action on behalf of the State because it contains no allegation that the suit was brought in the name of the State for the benefit of the public.

2. **NUISANCE: Rubber Factory: Odors: Health.** Suit was brought in the name of the State at the relation of twelve citizens to enjoin the operation of defendants' plant for the manufacture of rubber products, on the ground that it was a nuisance. The factory was located in a residence neighborhood. Fifteen houses were located within 150 feet of it. Residences occupied the most of the space for two or three blocks in every direction. A Catholic church was within two blocks of it. Some stores and other business houses were two blocks to the south, and one block to the north. Great volumes of black smoke issued from its chimneys and noxious odors were given off. The odors suggested burning rubber, and were compared to skunks and rotten eggs. They made people sick; women and girls were so nauseated that they could not eat their meals; persons in the neighborhood were unable to sleep upon their sleeping porches. Disquieting noises, described as popping noises, like reports of pistols, issued from the factory, and these noises occurred as early as 4:30 in the morning and as late as 11:30 at night, waking the neighbors. The operation of the machinery caused vibrations, sufficient to crack windows and the plastering and paper on the walls of houses, and to rattle kitchen utensils. The defendants' evidence was to the contrary, but that for plaintiffs preponderates, and it is, **Held**, that these annoying facts, especially the odors, seriously affecting, not only the comfort, but the health of the community, fully sustain the finding of the trial court adjudging the factory a public nuisance.

3. **PUBLIC NUISANCE.** A nuisance is a public one if it affects the enjoyment and health of persons as a part of the public, while they pass to and from public places where people have a right to be. It is the public annoyance, and not the number of people annoyed by it, that constitutes it a public nuisance. Evidence that the rubber factory was located at the corner of two public streets, which were paved and traveled by people every day; that stores and business houses were located one block north and two blocks south of it, to and from which people went along the streets pervaded by noxious odors eminating from it; that a church was situated within two blocks of it, and persons attending it from the direction of the factory necessarily encountered the odors, which extended at least two blocks from the factory, is sufficient to support a finding that the factory was a public nuisance.

4. ————: **Evidence of Notice: Petition to City to Abate: Equity.** In the trial of a petition to enjoin the operation of a rubber plant on the ground that it is a nuisance, tried by the court alone, the admission of a petition to the mayor and city council praying them to suppress the nuisance, signed by four hundred persons of the neighborhood, offered and admitted

for the sole purpose of showing that a number of citizens had brought their complaint to the notice of defendants, if erroneous, was harmless in the equity trial, because it added nothing to what the chancellor already knew from the competent evidence.

5. ———: **Removal of Offensive Features: Modifying Injunction.** The single fact of offensive and noxious odors, deleterious to the health of people in the community, is sufficient to authorize a finding that the rubber factory was a nuisance and of a public character; and where the trial court after adjudging it a nuisance and enjoining its operation, entertained a motion to modify the judgment on the ground that the offensive odors had been removed, and after hearing and considering numerous affidavits overruled the motion on the ground that they did not show that the offensive odors had been abated, this court on appeal, having no additional facts before it, will not modify the judgment.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2666, p. 737, n. 58; Section 2982, p. 999, n. 22. **Nuisances,** 29 Cyc., p. 1152, n. 3; p. 1187, n. 85; p. 1238, n. 61; p. 1247, n. 48. **Pleading,** 31 Cyc., p. 761, n. 3.

Transferred from Kansas City Court of Appeals.

ORDER STAYING PERMANENT INJUNCTION SET ASIDE, AND JUDGMENT OF CIRCUIT COURT AFFIRMED.

*Henry S. Conrad, L. E. Durham* and *Harold W. Judson* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action. (a) The petition does not state facts sufficient to constitute a cause of action on behalf of the State in that there is no allegation that the bill is brought by the prosecuting attorney or the Attorney-General in the name of the State for the benefit of the public. State ex rel. Lamm v. Sedalia, 241 S. W. 656; State ex rel. Trash v. Lamb, 237 Mo. 437; State ex rel. Tibbels v. Iden, 221 S. W. 781; State ex rel. Wear v. Springfield, 204 S. W. 942; Baker v. McDaniel, 178 Mo. 472. (b) The petition does not state a cause of action on behalf of complainants in that there are no allegations of special and peculiar damage to them. Cummings Co. v. Deere Co., 208 Mo. 81; Coombs v. Fuller, 228 S. W. 870; Hudson v. Walker, 170 Mo. App. 632; State ex rel. Lamm v. Sedalia, 241 S. W. 656. (2) The court did not have jurisdiction. Authorities supra.

*Cooper & Neel* and *Grover Childers* for respondents.

(1) The petition states facts sufficient to constitute a cause of action. The authorities cited by appellant do not support points urged to the contrary. Appellant cites five Missouri cases brought by the State at the relation of the prosecuting attorney. In none of the cases cited does the court hold that the State has not the right to sue at relation of a citizen. Respondent respectfully submits that

316 Mo.—41.

a suit to abate a public nuisance is properly prosecuted at the relation of one or more private citizens.   29 Cyc. 1238; Attorney General v. Tarr, 148 Mass. 309; State ex rel. Hopkins v. Powder Mfg. Co., 259 M'o. 279; State ex rel. v. Vandalia, 119 Mo. App. 421; Eastern Dist. Attorney v. Lynn, 16 Gray (Mass.), 242; People v. Lumber Co., 116 Cal. 397; Securities v. Victoria, 16 B. C. 441; Davis v. Auld, 96 Me. 559; Penniman v. N. Y. Balance Co., 13 How. Prac. 40; People v. Ahern, 109 N. Y. Supp. 249; Old Forge Co. v. Webb, 65 N. Y. Supp. 503; High on Injunction, sec. 1554; 3 Pomeroy, Eq. Juris, sec. 1349; 1 Wood on Nuisances, sec. 79, p. 109; Cooper on Eq. Pleading, p. 102.   (2)   Respondent respectfully submits that complainants pleaded a public nuisance, proved such, and properly prosecuted same by Clarence A. Burney, prosecuting attorney, in the name of the State at the relation of the private citizen named in the petition. (2)   The court did have jurisdiction.   Authorities, supra.

WHITE, J.—This case was transferred to this court by the Kansas City Court of Appeals.

The suit was brought in the name of the State of Missouri at the relation of twelve citizens of Kansas City to enjoin the operation of defendants' plant for the manufacture of rubber products, on the ground that it was a nuisance.   No temporary restraining order was asked or given by the circuit court.   The trial of the case was begun in July, 1924, and August 7th of that year a judgment was rendered in favor of the plaintiffs.   The court found that the factory operated by defendants constituted a public nuisance and permanently enjoined them from continuing its operation.

Dewit C. Cooper, John C. Cooper and Ernest Cooper filed a separate answer, but the petition does not state their relation to the corporation, but the evidence showed they were owners and operators of the corporation.

Defendants filed a motion for new trial, and September 20, 1924, the court took evidence on the cost of the removal of the defendants' machinery.   The defendants, September 26, 1924, filed a motion to modify the injunction decree, on which the court heard evidence October 11, 1924.   The court overruled the motion for new trial and the motion to modify.

On the same day the defendant filed a motion to stay execution pending appeal.   That motion was overruled, but the court of its own motion stayed execution for a period of fifteen days.

The defendants, November 8th, filed their application for appeal and appeal was allowed to the Kansas City Court of Appeals.   On the motion of the defendant the Court of Appeals, February 28, 1925, modified the injunction order so as to allow the defendant to operate

its factory by making changes and improvements so as to eliminate the objectionable features.   The order further provided that the court reserved the right to revoke the modification at any time after ten days on a showing that the nuisance features had not been eliminated.

June 30, 1925, the Kansas City Court of Appeals of its own motion transferred the case to this court because the amount involved exceeded the jurisdiction of that court.   The defendants in this court, September, 1925, filed motion to modify the injunction order so as to permit the operation of their plant pending appeal.   This motion was supported by affidavits.   Plaintiffs filed counter affidavits to the effect that the nuisance features of defendants' factory remained as before.   This court overruled the motion, but continued the order of the Kansas City Court of Appeals in force.   The respondents complain of great hardship by reason of the continuance of the nuisance on account of the order staying the enforcement of the injunction pending the appeal.   It may be noted that no injunction bond was filed, in the first place, to protect defendants in case of a favorable result to them.

The defendants' factory was situated at the corner of Tenth and Cleveland streets, in Kansas City.   It was a neighborhood of residences; by the evidence fifteen houses were shown to be located within one hundred and fifty feet of the factory.   Residences occupied most of the space for two or three blocks in every direction.   A Catholic church was within two blocks of the factory, some stores and other business houses on Twelfth Street, two blocks to the south, and on Ninth Street, one block to the north.   Also some flats at the corner of Cleveland and Ninth streets.   Cleveland Street runs north and south, while Tenth Street runs east and west.

The evidence showed that great volumes of black smoke issued from the factory chimneys and noxious odors were given off.   A quantity of evidence was introduced describing the nature of these odors. They were mentioned as suggesting burning rubber, and were compared with skunks and rotten eggs.   Several witnesses testified that it made people sick; women and girls were so nauseated that they could not eat their meals; people in the neighborhood were unable to sleep on their sleeping porches.   Evidence also showed that disquieting noises issued from the plant.   They are described as popping noises, like the report of a pistol.   Some compared them to young cannons.   Detonations occurred as early as 4:30 in the morning, and as late as 11:30 at night, waking people in the neighborhood.

There was also a great deal of testimony showing vibrations caused by the operation of machinery, such as to crack the windows, the plastering and paper on the walls of the houses and to rattle the kitchen utensils.   The plaintiffs introduced twenty-two witnesses who tes-

tified to the offensive odors, the harassing noises and the vibrations. The conditions were described as unbearable, particularly in the summer time, so that it was impossible to live in any comfort.

Defendants introduced as many or more witnesses to show that the offensive features of the factory did not exist. Four of those witnesses were chemists, or other experts, who examined the plant at the instance of defendants and testified about the substance used in the factory. Two were part owners, and two were employees. Six of them included a newspaper reporter, some insurance men, a banker, and others who visited the place for a few minutes. It was shown that three or four of the witnesses had received fifteen dollars each as expenses for appearing for defendants in a criminal proceeding.

About a half dozen of the residents of the community testified in defendants' behalf to the effect that the nuisance was not as bad as plaintiffs' witnesses had described it. Plaintiffs introduced evidence to impeach one or two of defendants' witnesses.

I. Appellants complain that the petition does not state a cause of action on behalf of the State, because there is no alle-

**Pleading: Parties.** gation that the suit was brought by the prosecuting attorney or Attorney-General in the name of the State for the benefit of the public.

Defendants did not demur to the petition on the ground of defect of parties, nor because the allegations were insufficient to show that it was brought on the authority of the State to abate a public nuisance. When the case was called the defendants objected to the introduction of any evidence on the general ground that the petition did not state facts sufficient to constitute a cause of action on behalf of the State, and the court overruled the objection.

It has been held that an action to abate a public nuisance may be brought by private individuals at the relation of the State. [State ex rel. v. Powder Mfg. Co., 259 Mo. 278; 29 Cyc. p. 1238.] The petition was signed by the prosecuting attorney on behalf of the State of Missouri. In the absence of any showing to the contrary we must presume that the prosecuting attorney had authority so to sign it. It was at most an informality and not a substantial defect in the pleading, so that a mere objection to the introduction of any evidence under it was properly overruled.

II. The facts proven are entirely sufficient to constitute a nuisance. [Kirchgraber v. Lloyd, 59 Mo. App. 59;

**Facts Constituting Nuisance.** McCracken v. Swift & Co., 265 S. W. 91; Zugg v. Arnold, 75 Mo. App. 68; Whalen v. Keith, 35 Mo. 87.]

The evidence is so full and specific in relation to the annoying character of the factory, particularly the odors, that the trial court was fully sustained in its finding. The evidence clearly preponderates in favor of plaintiffs. The operation of the factory, in the manner described by the witnesses, seriously affected not only the comfort but the health of the people in the community.

III. Appellants claim this shows only a private and not a public nuisance. They assert the petition does not state a cause of action showing a private nuisance, for it does not state that relators were injured in a way different from the rest of the community. It sets out the allegation of the residence of relators in the neighborhood of the factory, alleges the facts showing how they are annoyed and their lives made unbearable and their health endangered. But the court found it a public nuisance. The question is: did the petition allege and did the facts prove a public nuisance? A nuisance is a public one if it affects the enjoyment and health of persons as a part of the public, while passing about to and from a public place where people have a right to go. It is the public annoyance and not the number of people annoyed by it that constitutes it a public nuisance.

**Public Nuisance.**

This factory was located at the corner of Tenth and Cleveland streets, both of which were paved and traveled every day by people. Stores and other business houses were located a block north on Ninth street, and two blocks south on Twelfth street, and people went to and from those places of business along the streets where those noisome vapors pervaded. A Catholic church was within two blocks and people attending that place from the direction of the factory necessarily encountered the annoyance of those odors. It was shown that the odors extended for a distance of at least two blocks, and even further. There was sufficient evidence to support a finding that it was a public nuisance. It pervaded a community.

IV. It was shown without objection that some of the defendants were arrested and fined $500 for maintaining the nuisance. On the trial of this case a petition was offered by the plaintiff, signed by more than four hundred persons living within three blocks of the place, petitioning the mayor and city counselor to abate the nuisance. The introduction of that petition was objected to and exception saved to its admission. Plaintiffs' counsel said he introduced it for the purpose of showing that defendants had notice of the complaint which prevailed in the community. It certainly was not admissible for the purpose of showing what the people stated in the petition, for that would be hearsay. It was offered and admitted for the purpose of showing that a number of citizens brought their

complaints to the notice of the defendants. This was not a jury trial. It was a trial in equity and the reception of the document in evidence added nothing to what the judge knew about it when it was offered. If its admission was error it could hardly have affected the ruling of the court.

V. The appellants make a strenuous argument requesting this court to modify the injunction on the ground that they have a right to continue the factory by removing the offensive features. A num-

**Removal of Offensive Features.** ber of affidavits were filed on each side of that question when a motion to modify the order was presented. We have recourse to those affidavits. Appellants introduced affidavits of experts to show that the offensive odors were caused by ammonia used in the factory; that passing the smoke through water vapor destroyed the odor, so that when the smoke and vapor issued from the factory it was quite harmless, and that defendants installed appliances to produce that effect. The counter affidavits filed by the plaintiffs are numerous and voluminous, and tended to show that the conditions which existed before still prevailed; that it was not the fumes of ammonia which caused the disturbing odors which affiants described, but burning rubber; skunks, rotten eggs, were the terms used to designate their offensive character.

Appellants also offered affidavits to show that the noises of which plaintiffs complained were caused by ill-fitting gears in the machinery, and that an adjustment of the gears would remove that objection. But evidence at the trial was that it was not the rumble and rattle of machinery which made the disturbing noises, but popping sounds, explosions, detonations, which disturbed the neighborhood, and affidavits of plaintiffs on the motion showed those same noises continued as before.

It is not necessary to justify the judgment on evidence of any harmful effects of the vibrations and noises. The single fact of offensive odors, deleterious to the health of the people in the community, was sufficient to authorize a finding that a nuisance existed, and was of a public character. Nothing produced before this court since the trial justifies a reversal of the judgment.

The order staying the permanent injunction is set aside, and the judgment is affirmed. All concur, except *Graves, J.,* absent, and *Gantt, J.,* not sitting.