MARTHA A. BECKLEY, Respondent, v. JOSEPH SKROH ET AL., Appellants.

Kansas City Court of Appeals, October 26, 1885.

1. PRACTICE—VERDICT—PRESUMPTIONS.—Every reasonable intendment should be made in favor of the verdict and the regularity of the pro- ceedings, until the contrary is made to appear affirmatively by the showing of the complainant.

2. NUISANCE — LIABILITY OF ONE CONTINUING IT.—He who continues a nuisance is as much answerable therefor as he who first created it.

3. ——WHAT CONSTITUTES. — The only requirement of the law, in order to entitle the party injured to damages, is that the damage "must be real, not fanciful ; not a mere annoyance to a person of

.fastidious tastes and habits; but such sensible and real damages as a sensible person, if subjected to it, would find injurious to him." Wood on Nuisance, sect. 600. Any use of property that corrupts the atmosphere with noxious vapors and noisome smells, producing injury to property or health, or impairing the comfortable enjoyment of it, as a dwelling, etc., is a nuisance inviting a recovery for the damage. *Ibid*, sect. 599.

APPEAL from Mercer Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The facts are stated in the opinion.

H. J. ALLEN, for the appellants.

I. The court erred in refusing to permit the defendants to show that the tile drain was laid and in use at the time they took possession of the premises. The evidence was competent, if not a complete defence, yet in mitigation of damages.

II. Defendant's instructions, numbers four and five, should have been given. It was a disputed question whether the stench was caused by water from the brewery, or from a livery stable and butcher shop adjacent. Instruction number seven, which was refused, submitted this question fairly.

III. The instructions given for the plaintiff are misleading and not supported by the authorities. The question involved was not a question of ample enjoyment of property, or of rendering the same less pleasant. Wood on Nuisances (2 Ed.) sect. 600.

IV. The third instruction raised an issue not raised by the pleadings or evidence, and was clearly erroneous.

M. F. ROBINSON and H. G. ORTON, for the respondent.

I. The court did not err in refusing to permit defendants to show that the tile drain spoken of was in use at the time they took poesession of the brewery. Such fact was no defence. *Hayden v. Tucker*, 37 Mo. 214; *Tate v. M., K. & T. Ry. Co.*, 64 Mo. 149.

II. Instruction number five asked by defendants was properly refused, as another instruction given for defendants covered substantially the same ground. So as to the fourth, it should not have been given, because there *was* evidence tending to show damage. So as to the seventh, it was not authorized by the evidence. Besides, their eighth instruction, which was given, gave them the benefit of all they were entitled to on that point. No question was raised by instruction seven asked for by defendants, nor by any other instruction, as to filth from butcher shop or stable, and there was no foundation for any such instruction.

III. The instructions given for the plaintiff properly presented the case to the jury and correctly declared the law. *Smith v. McCartney*, 11 Mo. 517; *Ellis v. R. R. Co.*, 63 Mo. 131.

PHILIPS, P. J.—This is an action to recover damages for levying a nuisance. Plaintiff had judgment, from which defendants prosecute this appeal. If we were to enter into strict judgment with the appellants, we would affirm the judgment of the lower court as a penalty on appellants for failure to comply with rule fifteen of this court. They have furnished no abstract of the record, in the letter and spirit of said rule. They give, by way of statement, a very meager account of the record and the trial.

I. The first error, for instance, alleged against the judgment is, that an instruction was not authorized by the allegations of the petition. And yet the petition is not set out even in the statement of the case. Every reasonable intendment should be made in favor of the verdict and the regularity of the proceedings until the contrary is made to appear affirmatively by the showing of the complainant.

The complaint is that one instruction authorized the jury to take into the estimation of damages, injury to plaintiff's dwelling house, when no such issue was tendered by the petition. If we should accord to appellants

the benefit of a recourse to the record as presented in the transcript, we are of opinion that such an instruction was well warranted by the averments of the petition ; for it alleges that "said slops and filth (charged to have been thrown upon plaintiff's premises by defendants) created such a stench and smell that it has been very annoying to plaintiff, and *has rendered her residence almost worthless*."

II.    We gather from the statement of the case that the plaintiff's lot, on which she resided, lay contiguous to that of defendants', on which they run and operated a brewery, and that defendants were in the habit of throwing·the slops, etc., of this brewery into a ditch whereby it was conveyed to and emptied upon the premises of plaintiff, producing a most disagreeable stench about and even inside of her dwelling.   At the trial the defendants interposed the defence, that the ditch, into which they emptied these slops and water, had been dug and so used by those who occupied the brewery prior to their accession to its ownership, and that they had merely continued the use.    This defence was rejected by the trial court, and we think very properly.   He who continues a nuisance is as much answerable therefor as he who first created it.    *Tate v. Railroad Co.*, 64 Mo. 155 ; *Hayden v. Tucker*, 37 Mo. 215 ; Wood on Nuisances, sect. 73.   As Vaughn, J., in *Bliss v. Hall* (4 Bing. 183), said :   "The smells of which the plaintiff complains are not hallowed by prescription."

III.    Criticism is made on the first and second instructions given on behalf of the plaintiff, because they authorized the jury to find for the plaintiff, if they found from the evidence that the slops, etc., thrown from the brewery on plaintiff's premises, rendered the property less pleasant and valuable as a residence or dwelling, and that she could not enjoy her rights in as ample manner as she otherwise could have done.

That the throwing of such slops and filth on to another's premises, creating a noisome smell and stench, constitutes a nuisance, hardly needs the support of authority.   Woods on Nuisance, sect. 598.   The only re-

quirement of the law is, that the damage "must be real, not fanciful; not a mere annoyance to a person of fastidious tastes and habits, but such sensible and real damages as a sensible person, if subjected to it, would find injurious to him." Wood on Nuisance, sect. 600. Any use of property that corrupts the atmosphere with noxious vapors and noisome smells, producing injury to property or health, or impairing the comfortable enjoyment of it as a dwelling, etc., is a nuisance inviting a recovery for the damage. Wood on Nuisances, sect. 599. It is to be observed that the first instruction, by using the copulative conjunction "and," required the jury to find that the property was rendered both less pleasant and valuable by reason of the annoyance. Certainly that which renders less valuable one's property produces a material damage. Nor do we think the second instruction implies more than the lessening of "the comfortable enjoyment" of the premises. The owner of property is entitled under the social compact to enjoy the fullest dominion and benefit of his own, consistent with the public weal and the lawful rights of others, and that which another does to deny the amplitude of this right is an injury.

The court, at defendant's request, instructed the jury that before they could find for the plaintiff, they must believe from the evidence that her lot was flooded by defendants, etc., and that she was injured thereby.

The evidence was ample to sustain the verdict; and we discover no error to defendants' injury. The judgment of the circuit court is, therefore, affirmed. All concur.