## WM. RODENHAUSEN v. J. CRAVEN ET AL. ·

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued April 2, 1891—Decided April 13, 1891.

A carpet-cleaning establishment and stable connected therewith, maintained upon a city street devoted to private residences, and rendering the dwelling of an adjoining owner uncomfortable by the dust, moths, noise, and stench proceeding therefrom, will be enjoined as a nuisance on a bill filed by such owner.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 159 January Term 1891, Sup. Ct.; court below, No. 739 March Term 1889, C. P. No. 3.

On May 1, 1889, William Rodenhausen filed a bill in equity against Jerome Craven and George F. Craven, charging the defendants with the maintenance of a nuisance; praying for an injunction. Issue having been joined, the cause was referred to *Mr. W. H. Shoemaker*, as examiner and master.

At the hearing before the master, it was shown that the plaintiff was the owner of the property No. 1445, Franklin street, purchased in 1885 and occupied by himself and family as a dwelling thenceforward; that Franklin street, in the neighborhood of said property, was occupied on both sides chiefly by private residences of people in comfortable circumstances; that in 1885 the defendants commenced the business of carpet-cleaning in a three-story building upon the lot adjoining that of the plaintiff; that the building of defendants was separated from that of the plaintiff by a party wall thirteen inches thick

to the second floor, and nine inches above that to the roof; that the defendants made use of the front part of their first floor as a place to store their wagons, and in the rear part kept their horses, from three to five in number; on the second floor was the machinery for cleansing carpets from dust and dirt, and the carpets were steamed in the third floor by the use of a noisy jet of steam escaping from a flexible pipe. There was testimony showing the noise and stench coming from the defendants' stable, the noise and vibrations and dust proceeding from the cleaning of carpets on the second floor, and the noise from the escaping stream on the third floor. Among other witnesses, the plaintiff's wife testified as follows:

"The dust stack is right back of my bedroom windows, second story; the dust comes out there, sifts through the bottom of the box, and our window sill is just packed full of dirt. I am annoyed very much. It comes through our windows, closed or not, very often. It's only about a week ago I was sweeping the parlor, when the dust came right in,—it just runs and comes down with volumes of dirt; it flies about when they are cleaning the carpet, comes out like smoke—just like fire, both front and back. I have to keep both of my windows closed. . . . . The moths are terrible; I never saw anything so terrible; everything is eaten up by the moths. I had to take all my carpets up this fall, and they have not been laid a year; they were new carpets, but on account of the moths I had to take them up. . . . . It goes out the front of Cravens' just as bad as it does in the back, if not worse; it pours out. It comes out front because they have the doors open—a big sliding door that is open; when they open the machine to examine the carpet, there is a slapping, and while they are doing that, the dust seems to sift through the house each side. . . . . If I don't get it front, I get it back. You can see it coming out of the stack; sprinkles down like little fine rain."

Upon the testimony before him, citing and considering: Hurlbut v. McKone, 55 Conn. 31 (3 Am. St. Rep. 17); Dennis v. Eckhardt, 3 Gr. 390; McCaffrey's App., 105 Pa. 253; Wallace v. Auer, 10 Phila. 356; Harrison v. St. Mark's Church, 3 W. N. 384; Richardson v. Oberholtzer, 2 W. N. 332; Warwick v. Wah Lee, 10 Phila. 160; Burke v. Myers, 10 W. N. 481; Dillon v. States, 11 W. N. 18; Briggs v. Vottler, 4 W.

## Statement of Facts.

N. 272; Wood on Nuisances, § 511; Bispham's Eq., 3d ed., §§ 429, 489; Smith v. Phillips, 8 Phila. 11; Penna. Lead Co.'s App., 96 Pa. 116; Haugh's App., 102 Pa. 42; Mowday v. Moore, 133 Pa. 598; the master reported:

There can be no doubt of the right of the plaintiff to the comfortable enjoyment of his dwelling-house. The authorities on this point are numerous, and some are cited in the first part of this opinion.

The conceded facts, in this case, are that the defendants have set up a carpet-cleaning establishment in a residence neighborhood, separated from plaintiff's property by but a party wall, and that they have altered the rear of the premises for, and use it as a stable. The answer admits that "it is possible that some dust may go through the windows," and the testimony of all the witnesses shows that dust escapes from the premises of defendants when they are cleaning carpets, the witnesses differing only as to the amount; that, "there is some vibration caused by the machine, but that it cannot be felt fifty feet away on the same floor." The evidence corroborates this; the witnesses differ alone as to the degree.

The uncontradicted evidence is that the stable is next to the dining-room and kitchen of the house immediately south of defendants', from which it is separated by a party wall, and the windows of the stable are six feet from the plaintiff's dining-room and kitchen windows; that the stable is kept as a business stable for defendants' use.

From these facts, the question is, simply: Are the carpet-cleaning business and the stable, or either of them, as carried on by Craven brothers, in their building, situated in a neighborhood made of a good class of private residences of people in comfortable circumstances, nuisances?

Upon the facts found by the master, under what he believes to be the law applicable thereto, he is of the opinion that under the circumstances of the case they are nuisances, and so far as it relates to the carpet-cleaning business and the stable, the plaintiff is entitled to the relief prayed for in the bill, and he submits a form of decree to that effect.

—Exceptions filed by the defendants to the report of the master having been argued before the court in banc, a decree was entered on November 17, 1890, dismissing said exceptions,

confirming the master's report, and awarding a perpetual injunction as prayed for. Thereupon the defendants took this appeal, assigning the dismissal of the exceptions, the confirmation of the master's report, and the decree for the injunction as error.

*Mr. George B. Carr*, for the appellants.

*Mr. William Gorman*, for the appellee.

PER CURIAM:

The evidence fully justified the finding of the master that defendants' stable and carpet-cleaning establishment were nuisances. While such establishments are not necessarily nuisances, or nuisances per se, they may become so by reason of their location, and the manner in which the business is conducted. It is necessary to have carpets cleaned, and this involves a place where such work may be done; but care should be exercised to locate such establishments where they will cause the least annoyance to others. In this case, the defendants selected a neighborhood devoted to private residences, and immediately adjoining the complainant's house. The natural result followed, and his home was rendered uncomfortable by the dust and moths from the carpets in the process of cleaning. This was not an imaginary grievance; it was a reality; a nuisance of a very serious character. Nor was the stable less so, by reason of its location. The appellants might have avoided this difficulty by selecting a different neighborhood for their operations.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.