## BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

### AT THE

## MARCH TERM 1923.

---

## S. G. McCRACKEN, Respondent, v. SWIFT & COMPANY, Appellant.

### Springfield Court of Appeals, May 10, 1923.

1. **MENTAL SUFFERING: Damages.** While it is true that damages cannot be recovered for mental anguish alone when the injury is not accompanied by malice, insult or inhumanity, yet no rule has been formulated by which a court or jury may be able, in all cases, to determine whether the suffering is, in a legal sense, mental or physical. In a general way we say that mental suffering affects the mind alone and physical suffering affects the body, but in applying that general formula to specific cases, the line of distinction between the two classes of suffering is not always clear. In our opinion, the suffering caused by foul stenches, loud and unusual noises and the pest of large numbers of flies is just as real as that caused by a blow and the sufferer is as clearly unable, by any mental action of his own, to relieve against it.

2. **DAMAGES TO EACH INDIVIDUAL MEMBER OF A FAMILY FROM A NUISANCE.** The suffering of the inmates of the home would not give a separate right of action to each individual residing there for the head of the family provides the home and is responsible for its maintenance and comfort and he alone is the proper party to sue. The damages recoverable in such cases are not limited to the rental value of the premises.

2. **SUFFERING CAUSED BY THE FORCED INHALATION OF FOUL ODORS.** The endurance of loud and unusual noises, the inhalation of foul odors and the pest of myriads of flies by a person

(558)

in his home gives the same right to recover therefor as if the damages had resulted from an armed invader. In such case the injured party is not limited in recovery to the rental value.

4. **DAMAGES: Assessment of.** The fact that no financial standing can be fixed by which to gauge the amount to be assessed does not militate against the right of recovery or make the assessment of damages impossible.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*Barbour & McDavid* and *Edward A. Barbour, Jr.*, for appellant.

(1) The appellant had the right to the reasonable use and enjoyment of its property, even though at times it may have been somewhat inconvenient and annoying to the respondent. Berlin v. Thompson, 61 Mo. App. 241; Harper v. Oil Co., 78 Mo. App. 345; Powell v. Brick Co., 104 Mo. App. 721. (2) To constitute a nuisance, the use must be such as to produce a tangible and appreciable injury to neighboring property, or such as to render its enjoyment specially uncomfortable or inconvenient. Powell v. Brick Co., 104 Mo. App. 721; Kirchgraber v. Lloyd, 59 Mo. App. 62; Coach v. Railroad, 252 Mo. App. 37. (3) Respondent's property is located at the edge of the Jordan Valley where the railroad, gas works, chicken houses, produce houses, hide houses and various manufacturing plants are, and for many years have been located. These locations, surroundings and the character of business in that locality must be considered. People in cities must submit to some inconvenience and annoyance incident to trade and the development of necessary industries. Gibson v. Donk, 7 Mo. App. 39; Whitfield v. Carrollton, 50 Mo. App. 105; Marble Co. v. Gaslight Co., 128 Mo. App. 109; Eller v. Koehler, 67 N. E. 91; Bowden v. Edison Co.,

60 N. Y. Supp. 835. (4) Measure of damages on home. The plaintiff occupied only three rooms in his home, reserved one for company, and always rented the remaining six rooms to roomers or tenants. The only damage alleged is his personal inconvenience and discomfort from odors, noises and flies. No damage to the property and no sickness or doctor bills and no discomfort to any of his family is alleged. Under the allegations of his petition and the proof, the proper measure of his damage on his home, if any, is the diminished value of the rental value or usable value of that part of his home which he occupied, caused by the alleged nuisance. Bielman v. Ry. Co., 50 Mo. App. 156; Ivie v. McMunigal, 66 Mo. App. 443; Laird v. Railroad, 78 Mo. App. 273; Pinney v. Berry, 61 Mo. 368; Smith v. Railway Co., 98 Mo. 25; Long v. Kansas City, 107 Mo. App. 538; Swift v. Broyles, 42 S. E. 277; City of Paris v. Jenkins, 122 S. W. 411; Lumber Co. v. Sharp, 123 S. W. 370; Head v. Power Co., 107 S. E. 558; Alexander v. Bishop, 13 N. W. 714; Van Siclen v. New York, 66 N. Y. Supp. 555; Railway Co. v. Routh, 170 S. W. 520; Ewing v. Louisville, 31 L. R. A. (N. S.) 612. (5) There is no evidence in this case to support the verdict for plaintiff on account of noises in and about the defendant's plant. At most they were trivial, occasional and purely incidental to the proper conduct of a legitimate business. The location of plaintiff's property and defendant's plant must be considered. Eller v. Kohler, 67 N. E. 89; Bowden v. Edison Co., 60 N. Y. Supp. 835; Ballentine v. Webb, 84 Mich. 45; Straus v. Barnett, 21 Atl. 253; Wade v. Miller, 73 N. E. 849. (6) The petition having alleged the specific damages resulting from the alleged nuisance, no recovery can be had for damage to the rental value because not alleged. Kellog v. Kirksville, 132 Mo. App. 527; Ivie v. McMunigal, 66 Mo. App. 442; Pinney v. Berry, 61 Mo. 366; Brown v. Railroad, 80 Mo. 459; Long v. Kansas City, 107 Mo. App. 537; Smith v. Railroad, 199 S. W. 707; Martin v. Rys. Co., 204 S. W. 589; Porter v. Froment, 47 Cal. 165;

Pain v. Railway Co., 170 Mo. App. 581. (7) This instruction purports to cover the whole case and authorizes the jury to return a verdict for the plaintiff, and hence, being erroneous, the errors therein cannot be cured by other instructions because we cannot know which one the jury followed. This is elementary. Schneider v. Hawks, 211 S. W. 682; Hall v. Coal Co., 260 Mo. 367; Murdock v. Dunham, 206 S. W. 915; Kerr v. Bush, 198 Mo. App. 617. (8) This instruction being broader than the evidence and unsupported by the evidence necessitates a reversal of the case. This is elementary. Black v. Railway Co., 217 Mo. 681; Theobold v. Transit Co., 191 Mo. 433; Stoetzel v. Swearengen, 96 Mo. App. 593; Brake v. Kansas City, 100 Mo. App. 615; Henry v. Mining Co., 144 Mo. App. 362; Shoe Co. v. Sisman, 85 Mo. App. 344.

*O. J. Page* and *O. E. Gorman* for respondent.

(1) The respondent contends that the measure of damage to him in his home is the annoyance, inconvenience and discomfort he suffered by reason of such nuisance as well as all other damages arising therefrom, and that the law ought to and does sustain his contention. Beckley v. Scroh et al., 19 Mo. App. 75; Ellis v. K. C., St. Jo., and C. B. R. R. Co., 63 Mo. 135; Whipple v. McIntyre, 69 Mo. App. 402; Paddock v. Somes, 102 Mo. 237; Jarvis v. Railroad, 26 Mo. App. 253; 21 Am. & Eng. Ency. Law (2 Ed.), 728 and 729.

COX, P. J.—This is an action for damages for the maintenance of a temporary nuisance. Verdict and judgment for plaintiff and defendant has appealed.

Defendant has established and maintains a poultry, egg, and butter house in the City of Springfield in which large numbers of all kinds of poultry are kept and prepared for shipment and large numbers of poultry are slaughtered, making necessary the disposition of large quantities of offal, blood, feathers and filth and in which

large numbers of eggs are inspected and many unfit for use are handled and disposed of which adds to the filth which must be disposed of at defendant's place of business. Large quantities of milk and butter are also handled.

Plaintiff is the owner of several dwelling houses near defendant's plant which he holds for rental purposes and one dwelling house in which he resides with his family. Some rooms in the latter house were rented but it was kept by plaintiff mainly as his dwelling. This suit is based on the allegation that unwholesome and foul odors were generated by defendant and that these permeated the atmosphere in the vicinity of plaintiff's property house and that the crying of fowls and handling of large numbers of milk cans created loud and unusual noises that disturbed the inmates of plaintiff's houses and that the accumulation of filth by defendant bred flies in large quantities and that these flies swarmed around and got into plaintiff's houses and that the filth, odors, loud and unusual noises and flies greatly depreciated the rental value of the houses owned and held by plaintiff for rent and caused great suffering and discomfort to him in the use and enjoyment of his home.

The evidence on part of plaintiff tended to support his contention as to the facts while defendant's evidence was to the contrary. The chief question involved in this appeal relates to the measure of damages. It is conceded that as to the rental property, the measure of damages is the decrease in the rental value or the loss in rents up to the time of filing the suit and that measure of damages was applied by the trial court to the rental property. The controversy arises as to the measure of damages for the injury suffered by plaintiff in the use and occupancy of his home. There was no claim that plaintiff or his family were made sick by reason of the nuisance and appellant contends that the same measure of damages should be applied there as applies to the houses rented, to-wit, the decrease in rental value alone. Respondent contends and the trial court so held, that as

to the home, plaintiff should be compensated for the injury to, and impairment of, the ordinary use and enjoyment of his home during the period for which damages were claimed and did not limit the amount to the decrease in rental value. The position of respondent and the trial court upon this question is stated in Instruction No. 3 given for plaintiff which is as follows: "The court instructs the jury that the plaintiff had the right to the peaceful and uninterrupted occupancy and enjoyment of his home, and if you find and believe from the evidence that foul odors or loud and unusual noises caused as stated in other instructions arose from, or flies in large numbers were attracted to and came from, defendant's plant and caused plaintiff real and substantial annoyance and discomfort in the enjoyment and occupancy of his home at No. 621 North Campbell Street then in arriving at your verdict you will allow him as damages on account of such odors or unusual noises or flies, if any, as you find from the evidence will reasonably compensate him for the injury and impairment in the use and occupancy of his home, if any, caused thereby during the period of five years just prior to August 28, 1920, not to exceed the sum of $5000."

Appellant's position is stated in its refused Instruction D as follows: "The court instructs the jury that if you find from the preponderance or greater weight of the credible testimony, that odors or noises, as defined in other instructions, came from defendants' plant, and caused plaintiff real and substantial annoyance and discomfort in the use and occupancy of his home at No. 621 N. Campbell Street, then in arriving at your verdict, you will allow plaintiff as damages for such annoyance and discomfort, if any, only such amount as you find from the evidence will reasonably compensate him for the decrease, if any, in the value of the ordinary use and enjoyment of that part only, of his said house and premises, which was occupied by him for the five years just prior to August 28, 1920, which amount, if any, cannot exceed the decrease, if any is shown by the evidence,

in the reasonable rental value of that part of said house and premises which was occupied by the plaintiff during the said five years just prior to August 28, 1920.''

There are some other minor questions discussed by counsel but as we view it, the question as to the proper measure of damages to plaintiff in the use and occupancy of his dwelling house as a home is the chief question on the merits of this case and the one on which this appeal must be determined.

It has been suggested that the suffering shown in this case is mental suffering and that damages cannot be recovered for mental anguish alone when the injury is not accompanied by malice, insult or inhumanity. The legal proposition there stated announces the rule adopted in this case. [McCardle v. Peck Dry Goods Co., 271 Mo. 111, 120, 195 S. W. 10345; Perkins v. Wilcox, — Mo. ——, 242 S. W. 974.]

To warrant recovery physical suffering must result directly from the tort. We have found no case, however, which undertakes to formulate any rule by which a court or jury may be able, in all cases, to determine whether the suffering is, in a legal sense, mental or physical. In a general way we say that mental suffering affects the mind alone and physical suffering affects the body, but in applying that general formula to specific cases, the line of distinction between the two classes of suffering is not always clear. Fright, grief and sorrow are classified as mental suffering. This is clearly right because the effect centers in the mind and is subject to the control of the mind. In one sense all suffering is mental because the consciousness of it rests in the mind. If an arm is paralyzed a blow upon it will not cause suffering of any kind because the nerves fail to carry the sense of suffering to the brain, but if the arm is normal, the sense of suffering is felt and is located at the place where the blow was struck and we then say that the blow caused pain in the arm, not the mind, and in that case no action of the mind can stop the pain. That suffering is, in a legal sense, clearly physical. Without discussing

further the distinction between mental and physical suffering we will say that, in our opinion, the suffering caused by foul stenches, loud and unusual noises and the pest of large numbers of flies is just as real as that caused by a blow and the sufferer is as clearly unable, by any mental action of his own, to relieve against it. It cannot be dispelled by the will power of the individual affected and hence suffering caused by these agencies should be denominated physical rather than mental and their consideration as an element of damage is not barred by the rule that in the absence of malice, insult or inhumanity, recovery cannot be based on mental anguish or suffering alone.

It was suggested on oral argument by counsel for appellant that a measure of damages based on the suffering of the inmates of the home would establish a separate right of action in each individual residing there and that would be unjust. We do not think such a result would follow. The plaintiff is the head of the family and it is he who provides the home and is responsible for its maintenance and comfort and he alone is the proper party to sue. [Ellis v. K. C., St. Jo. & C. B. R. R., 63 Mo. 131.]

It is contended that the Supreme Court of this State has settled the question of plaintiff's measure of damages to the use and occupancy of his home to be the decrease in its rental value, and we are cited to the case of Pinney v. Berry, 61 Mo. 359, and some other cases to sustain that position. If that contention is correct, then of course this court is bound by it and must follow it. We think, however, that an examination of the cases decided by the Supreme Court in which reference is made to the question will disclose that the question has not been settled by that court.

Smiths v. McConathy, 11 Mo. 517, was an action based solely on the production of "noxious and offensive smells and stenches that entered the dwelling house and premises of plaintiffs and annoyed and greatly incommoded and disturbed the plaintiffs in the possession and enjoyment of said dwelling house and farm." A verdict

was rendered for defendant and plaintiffs appealed. The errors assigned related to the instructions. The instructions given for defendant required plaintiffs to prove special damages before they could recover. The Supreme Court held these instructions erroneous and in discussing the nature of a private nuisance said (page 523): "When we look at the nature of most of the private nuisances spoken of in the books, we cannot fail to perceive the propriety of allowing a recovery upon the mere proof of the existence of the nuisance. Take the case of a smith's forge, and privy or lime kiln (all of which are frequently spoken of as nuisances), erected so near a dwelling house as to render it unfit for habitation. How could the plaintiff establish any special damage? If a pecuniary loss be the criterion of special damages, the most intolerable nuisance would be without redress. It would be but a mockery to call such things nuisances, and at the same time make the right of action depend upon proof of special damage." To our mind it would be equally a mockery to measure the damages for the suffering caused by the forced inhalation of foul odors, the endurance of loud and unusual noises and the pest of myriads of flies by a person in his home, by the diminution in the rental value of the house in which his home is maintained. A man's home is his castle and he should be as much entitled to protection against foul stenches, loud and unusual noises and the torment of flies which cause physical discomfort and suffering as against the armed invader who would plunder and destroy. The difference is one of degree only.

What is said in that case is squarely against the contention that the amount of recovery in a case of this character is limited to the proven financial loss.

In Penney v. Berry, 61 Mo. 359, one of the allegations was that a dam maintained in a stream had caused a branch to fill up with mud, leaves, etc., thereby creating a nuisance which injured the health of plaintiff's family. No instructions were asked or given on the measure of damages but plaintiff was permitted to prove the differ-

ence in value of his farm before and after the maintenance of the nuisance. This was held error because the nuisance was classed as a temporary nuisance and the injury, therefore, was not permanent. That was the issue in that case and the question decided. The court, however, closed the opinion with the following statement:

"'The evidence in regard to injury to the health of plaintiff's family was, undoubtedly admissible on the issue presented and though an estimate in money of such damage is not very easily made, and *the cost of medicine and doctor's bills have nothing to do with it,* yet its effects upon the value of the occupancy may be quite material, and ought to be considered by the jury. Property thus exposed to malaria would be less valuable to the owner if occupied by him and command a smaller rent if it was desired to rent it. So also the inconvenience of a circuitous route for firewood and timber, if occasioned by the nuisance, and the overflow and destruction of a valuable spring would be proper objects for compensation in such an action. *In short, the damages would be the loss sustained by the continuance of the nuisance to the rental value of the place and not the difference between its market value as an absolute estate before and after the nuisance."* (Italics are ours.) This language, standing alone, seems to support appellant's contention. What is there said in relation to doctor's bills is *obiter* in that case and we are slow to believe that the court really meant to say that if sickness should be caused by a nuisance, that money paid for the services of the attending physician could not be recovered as such but could only be considered as affecting the rental value of the dwelling house. It is manifest that such a rule would not furnish adequate relief for the reason that the doctor's bills might be far more than the rental value of the dwelling house for the time that the nuisance had been maintained. Appellant concedes that sickness, doctor's bills or any special damage alleged and proven may be recovered for independently of the rental value of the premises. What the court really held in that case, and

all they intended to hold, as we view it, is, that unless permanent injury were shown permanent damages could not be recovered.

In Smiths v. Railroad, 98 Mo. 20, 11 S. W. 259, in discussing the rule as to a permanent and temporary nuisance the court said at page 25: "The injury is rarely of the kind which the law does not assume will be permanent in effect as, for example, the dam which caused the stream to back up and injure plaintiff's premises as in Penney v. Berry, 61 Mo. 359. In such case plaintiff may properly recover for actual damages (including any diminution of rental value) to the time of beginning his action but not for depreciation of the total value of the inheritance." The court in that case clearly intimates that the injured party is not limited to depreciation in rental value. They say that a party can recover his actual damages "(including diminution of rental value)." Had the court understood that damages were limited to decrease in rental value the language quoted would not have been used. It is significant that the court in that case in commenting on the Penney v. Berry case said: "In such case a plaintiff may properly recover for actual damage" without stating how to measure his actual damage. Had the court at that time approved the statement in the Penney case that damages were to be limited to rental value they should have quoted that instead of saying that in such case he could recover the actual damage suffered. As further indicating that they did not approve it and meant to construe the Penney case not to mean that damages are to be limited to diminution in rental value, they add in parenthesis "(including any diminution of rental value)." The statement in parenthesis can have but one meaning and that is that diminution in rental value is not the entire and sole measure of damages. If what is said in that case does not, in effect, overrule the statement in Penney v. Berry that rental value is the sole measure of damages in all cases, it at least neutralizes it so that when these two cases are considered together we cannot say that the Supreme Court has, by them, fixed the measure of damages in cases of this kind.

While the question here involved was not discussed in Burgenstock v. Nisanabotna Drainage District, 165 Mo. 198, 64 S. W. 149, the case of Smith v. McConathy, 11 Mo. 518, is cited with approval on the question that recovery may be had without proof of special damages.

Our conclusion is that the Supreme Court in this State has not finally settled the question.

Neither do we think that it can be said that the Courts of Appeals in this State have established a uniform or settled rule on the question. The case of Beckley v. Schroh, 19 Mo. App. 75, by the Kansas City Court of Appeals sustains respondent's contention while the cases of Bielman v. Railroad, 50 Mo. App. 151, and Ivie v. McMunigal, 66 Mo. App. 437, hold otherwise without overruling the earlier case. Then in Frick v. Kansas City, 117 Mo. App. 488, 93 S. W. 351, the same court without overruling the last two cases seems to have gone back to the position taken in Beckley v. Schroh, supra, for in the Frick case in which the defendant had contended that damages should be limited to diminution in rental value, the court held against that contention and in discussing the question said: ''The loss of the rental value of the injured property may be an element of damage and in some cases the sole element but the basic principle to be followed in the measurement of damages in nuisance cases is that applying to other cases arising in tort. The injured party is entitled to adequate compensation for the damages actually sustained up to the commencement of the suit as a direct result of the nuisance . . . The owner in the occupation of his property has the right to the undisturbed possession and enjoyment thereof and when that right is invaded he may remain, if he chooses, in the occupation of his property even in the face of possible danger to himself and full responsibility for the consequences of the wrongful invasion of his right rests upon him who inflicts the injuries . . . The amount of damage resulting from the unsanitary and uncomfortable condition of the house and from the closing of the passage way to and from the

street not being susceptible of arithmetical computation but resting solely in opinion was likewise properly sent to the jury without the aid of opinion evidence.'' It will here be noted that the unsanitary and uncomfortable condition of a residence is placed in the same category as stopping the passageway to the street and damages on that account are said to not be susceptible of arithmetical computation. Had the measure of damages been limited to decrease in rental value the amount could easily have been computed.

The St. Louis Court of Appeals in Jarvis v. Railroad, 26 Mo. App. 253, and in Kirchgraber v. Lloyd, 59 Mo. App. 59, sustains respondent's position while in Whipple v. McIntyre, 69 Mo. App. 397, the same court without commenting upon its former holdings upon this question seems to have held differently.

The authorities on this question in other jurisdictions are in hopeless conflict and we shall not review them here. What is said by the United States Supreme Court in Baltimore & Potomac Ry. Co. v. Fifth Baptist Church, 108 U. S. 317, meets our views on this question. In that case a church society sued for damages on account of noises, smoke, cinders and soot from an engine house and machine shop maintained near the church building by the railroad company, entering the building and causing discomfort to the worshippers. At the trial the court in an instruction to the jury submitted as one ground for the assessment of damages the disturbance, annoyance, inconvenience and discomfort of the congregation of the church by the noises and smoke from the shop of defendant. This instruction was approved and in discussing the question the Supreme Court said: ''The instruction of the court as to the estimate of damages was correct. Mere depreciation of the property was not the only element for consideration. *That might, indeed, be entirely disregarded.* The plaintiff was entitled to recover because of the inconvenience and discomfort caused to the congregation assembled, thus necessarily tending to destroy the use of the building for the purposes for which it was

erected and dedicated. The property might not be depreciated in its salable or market value if the building had been entirely closed for these purposes by the noises, smoke and odors of this shop. It might, perhaps, have brought in the market as great a price to be used for some other purpose but as the court below very properly stated to the jury *the congregation had the same right to the comfortable enjoyment of its house for church purposes that a private gentleman has to the comfortable enjoyment of his own house and it is the discomfort and annoyance in its use for that purpose which is the primary consideration in allowing damages.* As with a blow on the face, there may be no arithmetical rule for the estimate of damages. There is, however, an injury, the extent of which the jury may measure.'' (The italics are ours.) The recovery in that case was based chiefly on the inconvenience, annoyance and discomfort of the persons using the building for church purposes and the right of a person to be secure from such suffering in his own home was the basis of the court's holding in that case.

Our conclusion is that as to the home of plaintiff, diminution in rental value is not the correct measure of damages. In the enjoyment of his home he does not suffer any actual loss of money by reason of the maintenance of this nuisance. It is his home. He neither receives nor pays rent. He does not lose rent, therefore, the rental value is immaterial to him as far as this nuisance is concerned. *It matters not how or by what standard we measure the amount of his damage, the fact is, that what he is, in fact, paid for is what he suffers in the occupancy of his home by reason of the nuisance.* If financial loss is to be the measure of his damage then he should not recover at all for from a financial point of view he loses nothing and hence from that viewpoint he should be paid nothing. To measure his damage by diminution in rental value is an arbitrary or fanciful and not a real standard because he suffers no loss of rents. What he in fact suffers is the physical suffering, annoy-

ance and discomfort resulting from the invasion of his home by the foul odors, loud and unusual noises and the pest of flies, all of which are sent there directly from this nuisance and that suffering, annoyance and discomfort should be the basis on which the amount of his damage should be estimated.

The fact that no financial standard can be fixed by which to gauge the amount to be assessed does not militate against the right of recovery or make the assessment of damages impossible. The difficulty in fixing the amount is no greater than it is in a case wherein compensation is to be awarded for pain and mental anguish. Much must be left to the good sense of the jury and the sound supervisory discretion of the court. The standard by which to measure the amount of the damage is the same as in all other cases, which is, reasonable compensation for what he has actually suffered by reason of the wrong of the defendant. The difficulty in fixing a reasonable amount in this case is no greater than in any other case in which the amount of damages cannot be computed upon a basis of financial injury or loss.

We think the real damages suffered by plaintiff was what was suffered by himself and family in the use and occupation of his home on account of the nuisance of which complaint is made and that suffering should be made the basis upon which to estimate the damages suffered and not the diminution of rental value.

We think the trial of the case was without prejudicial error and should be affirmed and it is so ordered.

Our holding in this case on the measure of damages as to the home of plaintiff is in conflict with the decisions of the Kansas City Court of Appeals in Bielman v. Railroad, 50 Mo. App. 151, and Ivie v. McMunigal, 66 Mo. App. 437, and for that reason this cause is certified to the Supreme Court for final determination.

*Bradley, J.*, concurs; *Farrington, J.*, concurs in the law as declared in this opinion but is in doubt as to whether the evidence justifies the amount of the judgment rendered for damages to plaintiff in the enjoyment of his home.