R. J. DEEVERS, RESPONDENT, v. JOHN LANDO, GEORGE BROWN AND
MARTIN DAUME, APPELLANTS.*

St. Louis Court of Appeals.   Opinion filed June 29, 1926.

**1.—Nuisances—Private Nuisances—Abatement—Equity—Powers.** As to
private nuisances, courts of equity have the power to afford full and com-
plete relief, provided it is clearly established that the private nuisance
exists.

**2.—Same—Same—Same—Damages—Pleading—Evidence—Not Necessary
Either to Allege or Prove Special Damages.** In an action clearly seeking
to abate a private nuisance as distinguished from a public nuisance, it is
not necessary either to allege or prove any special damage.

**3.—Same—Same—Barbecue Stand—Residence Neighborhood—Abatement
—Injunctions.** Although the operation of a barbecue stand is not a nui-
sance **per se,** and a business of itself lawful, yet where it is conducted in
a neighborhood given over wholly to residences and renders the enjoy-
ment of it materially uncomfortable by the smoke, noise, or offensive odors
produced by it, the carrying on of such business in that locality may be
held a nuisance and restrained by injunction.

**4.—Same—Evidence—Decree—Enjoining Barbecue Stand as Nuisance—
Sustained by the Evidence.** Evidence as to the operation of a barbecue
stand in a neighborhood given over wholly to residences, **held** sufficient
to sustain a decree enjoining it as a nuisance.

**5.—Same—Part of Decree Ordering Building Removed—In Excess of Re-
lief Warranted.** A decree enjoining the operation of a barbecue stand in
a residence neighborhood which not only enjoined, restrained and prohibit-
ed the further maintenance and operation of the barbecue stand, but or-
dered the building in which said stand was operated to be removed, **held**
that part of the decree which required the removal of the buildings from
the lot was in excess of what plaintiff was entitled to under the record.

---

*Corpus Juris-Cyc. References; Nuisances, 29Cyc. p. 1157, n. 32; p. 1166,
n. 99, New; p. 1185, n. 76; p. 1187, n. 85; p. 1188, n. 89; p. 1219, n. 21;
p. 1242, n. 99; p. 1244, n. 29; p. 1247, n. 48; p. 1250, n. 78.

Appeal from the Cape Girardeau Court of Common Pleas of Cape
Girardeau County.—Hon. Oscar A. Knehans, Judge.

AFFIRMED AND REMANDED (*with directions*).

*Spradling & Dalton* for appellants.

(1) The writ of injunction is not a writ of right, but a writ of
grace and discretion and is always exercised by the chancellor with
the utmost caution and only when necessity requires it. Peltzer v.
Gilbert, 260 Mo. 500, 524; Johnson v. United Railways, 227 Mo. 423;
Baker v. McDaniel, 178 Mo. 447. (2) Equity jurisdiction in nuisance
cases is predicated on irreparable injury, interminable litigation or

lack of adequate remedy at law. Many cases will sustain an action at law, which will not justify relief in equity. Baker v. McDaniel, 178 Mo. 447; Nuisances, 20 R. C. L. 479; Nuisances, 20 R. C. L. 473. (3) The burden of proof was upon the plaintiff to establish the existence of a nuisance and the injury therefrom, and to show "A strong and mischievous case of pressing necessity." Tanner v. Wallbrunn, 77 Mo. App. 262; Baker v. McDaniel, 178 Mo. 447; Nuisances, 29 Cyc. 1244; Washb. on E. & S. (3 Ed.), 701; 1 High on Injunctions (3 Ed.), sec. 740; Nuisances, 20 R. C. L. 479; Randle v. Railroad, 65 Mo. 325. (4) The test of a nuisance is not injury and damage simply but injury and damages resulting from the violation of a legal right of another. Paddock v. Somes, 102 Mo. 226; Blackford v. Heman Construction Co., 132 Mo. App. 157, 112 S. W. 287; Powell v. Brick and Tile Co., 104 Mo. App. 713; Marble Co. v. Gaslight Co., 128 Mo. App. 96; Kirchgraber v. Lloyd, 59 Mo. App. 59; Wood on Nuisances (3 Ed.), sec. 880; Wood's Law of Nuisances (2 Ed.), 1015. (5) One who lives in a city is bound to submit to the consequences of trade carried on there and to the annoyances that unavoidably accompany business even though they injure the rental value of adjoining property for residence purposes. Gibson v. Donk, 7 Mo. App. 37; Van DeVere v. Kansas City, 107 Mo. 83; Marble Co. v. Gaslight Co., 128 Mo. App. 96; Nuisances, 20 R. C. L. 440. (6) The test of a nuisance is the effect that the matters complained of have on persons of ordinary health, normal or average sensibilities and ordinary tastes, habits and modes of living. Nuisances, 29 Cyc. 1192; Nuisances, 20 R. C. L. 382, 383; Beckley v. Skroh, 19 Mo. App. 75; Wade v. Miller, 188 Mass. 6, 73 N. E. 849. (7) The law protects only substantial and material rights and prevents only unreasonable, unwarrantable and unlawful invasions of another's rights. Kirchgraber v. Lloyd, 59 Mo. App. 59; Powell v. Brick and Tile Co., 104 Mo. App. 713; Berlin v. Thompson, 61 Mo. App. 234; Nuisances, 29 Cyc. 1191; Nuisances, 20 R. C. L. 382, 383, 443-444. (8) The appellants had an absolute right to the reasonable use of their own property and to reasonably conduct their own business in their own way. Harper v. Standard Oil Co., 78 Mo. App. 338; Berlin v. Thompson, 61 Mo. App. 234. (9) "Things which are not in themselves nuisances can only become such by some neglect in the manner or locality of their use." Harper v. Standard Oil Co., 78 Mo. App. 338. (10) The use of property which does not create a nuisance cannot be enjoined or a lawful structure abated merely because it renders neighboring property less valuable. Such is *damnum absque injuria.* Nuisances, 20 R. C. L. 479; Nuisances, 29 Cyc. 1195; Whitmore v. Brown (Me.), 9 R. L. A. (N. S.) 868, 872; Realty Co. v. Deere, 208 Mo. 66. (11) The appellants had a permit from the city to construct and operate a barbecue stand on this particular lot

The stand was clean and sanitary and operated like any other barbe-cue stand. No neglect in the manner of operation is charged. The stand was therefore not a nuisance. Randle v. Railroad, 65 Mo. 325. (12) Smoke is not a nuisance *per se*. St. Louis v. Heitzeberg Pack-ing Co., 141 Mo. 375; McGill v. Pintsch Co., 118 N. W. (Iowa) 786; St. Paul v. Gilfillan, 36 Minn. 298, 31 N. W. 49. (13) The smoke from the stand being the same as from an ordinary residence and less than from an ordinary residence with a furnace where coal was burned, and there . being no soot, cinders, discoloration or other tangible injury, the smoke from the barbecue stand did not constitute a nuisance. St. Louis v. Heitzeberk Packing Co., 141 Mo. 375; Berlin v. Thompson, 61 Mo. App. 234; St. Paul v. Gilfillan, 36 Minn. 298, 31 N. W. 49. (14) Where the injury caused by smoke is incon-sequential or temporary, injunctive relief will be refused and the injured person left to his remedy at law. Downing v. Elliott, 182 Mass. 28, 64 N. E. 201; Terrell v. Wright, 87 Ark. 213, 112 S. W. 211, 19 L. R. A. 174; Phillips v. Brick & Tile Co., 72 Kan. 643, 82 Pac. 787, 2 L. R. A. (N. S.) 92; Adams v. Michael, 38 Md. 123, 17 Am. Rep. 516; 6 A. L. R. 1582. (15) The odors and smells which con-stitute nuisances are those which repel and sicken, such as vile noisome odors or stenches. Smells which are appetizing and attractive to the public are not nuisances and have never been declared such. Swan-son v. Bradshaw, 187 S. W. (Mo. App.) 268; Zugg v. Arnold, 75 Mo. App. 68; Whipple v. McIntyre, 69 Mo. App. 397; Beckley v. Skroh, 19 Mo. App. 75; Smith v. McConathy, 11 Mo. 517; Nuisances, 20 R. C. L. 423; Nuisances, 20 R. C. L. 425-427, 448-449. (16) Cook-ing or baking is not a nuisance *per se*, and the odor of cooking meat about the stand which made people hungry, advertised the place, and attracted the people passing along the street did not constitute a nui-sance. Shroyer v. Campbell, 31 Ind. App. 83, 67 N. E. 193; Alexan-der v. Steward Bread Company, 21 Pa. Super. Ct. 526; Nuisances, 29 Cyc. 1166, 1170. (17) The provision in the contract for the sale of the lot stating that the property was "sold for residence purposes only" did not restrict the use of the property to such pur-pose. 1. It was a mere recital of the purpose of the sale and did not restrict the use of the property. Vendor & Purchaser, 27 R. C. L. 739; Contracts, 13 C. J. 538, sec. 502; Dawren v. Rayburn, 73 N. E. (Ill.) 364, 365. 2. The general term "for residence pur-poses" followed by the specific prohibitions limited the general term to the items prohibited. Kitchen v. Hawley, 150 Mo. App. 497; Miller v. Wagenhauser, 18 Mo. App. 11; Bolin v. Investment Co., 273 Mo. 257, 200 S. W. 1059. 3. The deeds executed pursuant to contract having this recital contained only the specific prohibitions and not this recital and is evidence that the same was a mere recital of the purpose of the sale. 4. Provisions restricting the free and

untrammeled use of real property are regarded unfavorably and strictly construed, and viewed favorably to the free use of the property. Kitchen v. Hawley, 150 Mo. App. 497; Bolin v. Inv. Co., 200 S. W. (Mo.) 1059; Hutchinson v. Ulrich, 145 Ill. 336, 21 L. R. A. 391. 5. The provision fixing the value of a dwelling to be built did not control the value of a stand or its location. Vendor & Purchaser, 27 L. R. A. 751; Bolin v. Inv. Co., 273 Mo. 257. 6. The deed was offered and admitted solely to help show the stand to be located in a so-called residence neighborhood and not to establish restrictions. Appellants had no deed. (18) Even if the court found that the barbecue stand as constructed, maintained and operated constituted a nuisance the court should have given appellants a reasonable opportunity to abate the nuisance by changing the construction or operation of their stand, if that could be done, before permanently enjoining its operation. Mogel v. Society, 203 Mo. App. 335, 218 S. W. 704; Zugg v. Arnold, 75 Mo. App. 68; Blackford v. Company, 132 Mo. App. 157; Nuisances, 29 Cyc. 1249-1250; Nuisances, 20 R. C. L. 482. (19) A permit having been granted by the city for the building of the stand the court had no right to order the building abated and moved. The power to enjoin does not carry with it the power to destroy except when absolutely necessary to abate a continuing nuisance. Waggoner v. City of South Gorin, 88 Mo. App. 25; St. Louis, etc., Bank v. Kennett, 101 Mo. App. 370; Allison v. City of Richmond, 51 Mo. App. 133; Nuisances, 29 Cyc. 1250. (20) Appellant, John Lando, the lessor of premises was not liable for the nuisance, if any, created and maintained thereon by the tenants, Brown and Daume. Baker v. Gates, 279 Mo. 630, 216 S. W. 775; Gilliland v. Railroad, 19 Mo. App. 411; Grogan v. Foundary Co., 14 Mo. App. 587, and 87 Mo. 321; 2 Wood, L. & T. (2 Ed.), page 1283; 29 Cyc. 1203. (21) The mere fact that respondent lived closer to the stand than anyone else and noticed the odors and smoke more than his neighbors, did not give him any right of action. His damage, if any, was not different in kind, but only greater in degree than others. Respondent was not entitled to recover. Coombs v. Fuller, 228 S. W. (Mo. App.) 870; State ex rel. v. Sedalia, 241 S. W. 656; Van DeVere v. Kansas City, 107 Mo. 83; Realty Company v. Deere, 208 Mo. 66. (22) Appellants should have been permitted liberally to cross-examine respondent (plaintiff) and to show by him that this barbecue stand was operated like other such stands and also to cross-examine respondent about the smoke from the West End Fuel Company in order to bring out all the facts and for the purpose of affecting his credibility as a witness. Young v. Smith, 25 Mo. 341; Bank v. Richards, 119 Mo. App. 18; Israel v. R. R., 239 S. W. 81; McCoy v. Hill, 246 S. W. 582, 584 (3); Witnesses, 40 Cyc. 2486. (23) Even if the court found that the location and op-

eration of the barbecue stand did violate the terms of appellant Lando's contract for the purchase of the lot upon which the stand was located, that fact alone would not constitute the building or business a nuisance nor give respondent a right to have the barbecue stand enjoined or the building abated and moved as a nuisance. The cause of action pleaded is based on the alleged existence of a nuisance and not on any alleged violation of building restrictions which respondent had a right to enforce. Respondent cannot state one cause of action in the petition and recover another. Reed v. Bott, 100 Mo. 62; Jennings v. Cherry, 257 S. W. (Mo.) 438; Nave v. Dieckman, 208 S. W. (Mo. App.) 273.

*Russell L. Dearmont* for respondent.

(1) A private nuisance is one the injury resulting from which violates only private rights, and produces damage to a few persons only, or even to one person only. 20 R. C. L., p. 385. (2) The question as to whether the defendants were maintaining a nuisance is a question of fact, and the opinion of the Chancellor, who saw the conduct of the witnesses on the witness stand and who was, therefore, in a better position to pass upon their credibility and the weight of their testimony, should be deferred to by the appellate court. State ex rel. Lamm v. Mid-State Serum Co., 272 S. W. 100; Erskine v. Loewenstein, 82 Mo. 301; Broaddus v. Broaddus, 221 S. W. 804. (3) What would be a lawful and reasonable use of property in one locality may be unlawful and unreasonable in another, and one may not establish and maintain a place of business in a residence neighborhood which deprives any person residing there of the peaceful and uninterrupted occupancy and enjoyment of his home. Bielman v. Railroad, 50 Mo. App. 151; McCracken v. Swift and Co., 250 S. W. 953; Craven v. Rodenhauser, 21 Atl. Rep. 774; Whitney v. Bartholomew, 21 Conn. 213; First Ave. Coal and Lumber Co. v. Johnson, 171 Ala. 470; Yates v. Missouri Pacific R. R. Co., 269 S. W. 353; Faulkenbury v. Wells, 68 S. W. 327; Snyder v. Cabell, 1 S. E. 241; 20 R. C. L., p. 381. (4) A lawful business not a nuisance *per se*, even when well managed, kept and cared for, may under some circumstances be so considered. It may become a nuisance from the manner in which it is conducted or because of the place at which it is maintained. Tureman et al. v. Ketterlin et al., 263 S. W. 202; Bielman v. Railroad, 50 Mo. App. 154; Ross v. Butler, 19 N. J. Eq. 294. (5) A man is entitled to protection in his home from noxious smoke, gases, fumes, foul smells and from loud and unusual noises. McCracken v. Swift and Co., 250 S. W. 953; Des Moines v. Manhattan Oil Co., 184 N. W. 823; Hustleton v. Park, 100 Atl. 798; Holman v. Laundry Co., 100 S. E. 207; Rankovina v. Island Farm

Creamery Co., 200 N. W. 350; Yates v. Missouri Pacific R. R. Co., 269 S. W. 353; Osthaus v. Robinson, 12 Pa. Dist. R. 25; Harrison v. St. Mark's Church, 12 Phila. (P. A.) 259; Davis v. Dawyer, 133 Mass. 289; 29 Cyc. 1185-7-8.   (6)  While cooking is not a nuisance *per se,* a person may be prevented from permitting odors and vapors from cooking to escape into an adjoining building or room.  Shroyer v. Campbell, 67 N. E. 193; Grady v. Wolsner, 46 Ala. 381.  (7)  A thing which deprives one in his home of rest and repose is a nuisance. Davis v. Sawyer, 133 Mass. 289.

BECKER, J.—Plaintiff brought his suit in equity to abate and enjoin the maintenance of an alleged nuisance.  The parties to the action are residents of the city of Cape Girardeau, Missouri, and plaintiff owns and occupies a residence on South Sprigg street, and the defendant, Lando, holds a contract for the purchase of a lot on South Sprigg street immediately opposite that of plaintiff's home, on which lot said Lando permitted defendants, Brown and Daume, to erect, maintain and operate a barbecue stand.  The barbecue stand is the object of the attack.  After a hearing the court entered the following decree:

"Now on this day, this cause having come on to be heard upon the pleadings and evidence adduced; and having heretofore been argued by counsel for the respective parties, and the court having duly considered the same with the evidence adduced doth find the issues herein joined for the plaintiff and against the defendants, George Brown, Martin Daume, and John Lando and that since March 19, 1925, the defendants George Brown and Martin Daume, have erected maintained and operated upon lot eight (8) in block three (3) of Giboney Houck's Fourth Sub-division, in the city of Cape Girardeau, county of Cape Girardeau, State of Missouri, described in plaintiff's petition and located directly across the street from the residence of said plaintiff, which he occupies as his home with his wife and children, a barbecue stand or lunch stand in a one story frame shack of the value of about two hundred dollars ($200); that the neighborhood in which said barbecue stand has been erected and operated by said defendants is otherwise used exclusively for residence purposes; that as a result of the operation of said stand by said defendants, smoke, gases, burning grease odors and fumes in great volume are almost daily generated and carried by prevailing winds upon the property and into the house of plaintiff to the serious discomfort of plaintiff and his family; that the defendants George Brown and Martin Daume cook or barbecue meats over an open bed of live coals upon which the grease from the meat drops and is burned, causing an offensive odor of burning grease to come out of said stand, which offensive odor is carried over and upon the

premises of plaintiff and into his house, seriously injuring the health of plaintiff and his family and interferes with the reasonable comfort of plaintiff and his family in their own home, and that the cooking of meat and other food products in this manner and in this building constitutes a nuisance when conducted in a neighborhood used exclusively for residence purposes; that said stand is kept open by said defendants until about midnight each evening; that the stand is heavily patronized each evening until a late hour and the stopping and starting of cars cause noise and confusion of traffic on the street in front of plaintiff's house, preventing him and his family from sleeping until a late hour each night; that the location of said stand on the lot across the street from plaintiff's house materially reduces the market value of plaintiff's property; that the maintenance and operation of said stand by said defendants in the immediate vicinity of plaintiff's residence is a nuisance and deprives plaintiff and his family of the reasonable and comfortable enjoyment of their property as a home; that if said nuisance is not abated the health of plaintiff and his family will be seriously affected and plaintiff's property will be seriously and permanently damaged in value for use as residence property and that an adequate remedy cannot be afforded plaintiff in an action at law for damages.

"And the court further finds that the defendant, M. E. Leming, is the record owner of lot eight (8) in block three (3) of Giboney Houck's Fourth Sub-division in the city of Cape Girardeau, county of Cape Girardeau and State of Missouri, and that defendant John Lando holds a contract for the purchase of said lot from defendant M. E. Leming, which contains the following provisions:

'This lot is sold for residence purposes only and it is further agreed that no saloon or place of selling intoxicating liquors shall ever be erected or maintained on this lot, and that no part of said lot shall ever be used for a livery stable, public stock yard or slaughter house, and no dwelling shall be erected that costs less than one thousand dollars. ($1000) when completed, and no part of which shall be nearer the front lot than twenty (20) feet, without the written consent of the seller;' that the said John Lando permitted defendants, George Brown and Martin Daume to enter upon the lot hereinabove described and to continue thereon for the purpose of erecting, maintaining and operating said barbecue stand over the objection of the plaintiff; that plaintiff in due time made demand upon defendants George Brown, Martin Daume and John Lando to cease the maintenance and operation of said barbecue stand which demand was by said defendants refused.

"The court further finds that the defendant, M. E. Leming had nothing to do with the erection, maintenance or operation of said barbecue stand.

"Wherefore, the premises considered it is ordered, adjudged and decreed by the court that the defendants, George Brown, Martin Daume and John Lando, their agents, servants and employees be and they are hereby enjoined, restrained and prohibited from the further maintenance and operation of a lunch stand commonly known as a barbecue stand upon the lot herein described or in the immediate vicinity thereof and that the building in which said stand is operated be removed from said lot and the vicinity of plaintiff's house, on or before the 1st day of March, 1926, and that plaintiff recover of and from said defendants, George Brown, Martin Daume and John Lando his costs in this behalf expended.

"It is further ordered, adjudged and decreed by the court that the defendant, M. E. Leming be relieved of liability herein and that he go hence without day."

After unavailing motions for new trial and in arrest of judgment the defendants, Lando, Brown and Daume bring this appeal.

After a careful examination of the testimony as disclosed by the record we are not disposed to disturb the finding of facts by the chancellor below as they appear set out in the decree, supra. Whilst there was conflict of testimony as to certain facts material to the issues herein, the weight of the evidence supports the finding of facts of the chancellor below, and after a careful review of all of the testimony as disclosed by the record we adopt the said finding of facts as our own.

It no longer needs citation of authorities in stating the rule as to private nuisances, courts of equity have the power to afford full and complete relief, provided it is clearly established that the private nuisance exists.

Plaintiff's action clearly seeks to abate a private nuisance as distinguished from a public nuisance, and therefore it is not necessary either to allege or prove any special damage. [Smiths' v. McConathy, 11 Mo. 517; Baker v. McDaniel, 178 Mo. 447, 77 S. W. 531.]

The corruption of the atmosphere by the exercise of any trade, or by any use of property that impregnates it with noisome stenches, has ever been regarded as among the worst class of nuisances, and the books are full of cases in which any use of property producing these results has been regarded as noxious and a nuisance, whether arising from the exercise of a trade or business, or from the ordinary or even necessary uses of property. [Wood, Nuisances (3 Ed.), sec. 561.] In section 10, the same author says: "No man is at liberty to use his own property without reference to the health, comfort or reasonable enjoyment of like public or private rights by others. Every man gives up something of his absolute right of dominion and use of his own, to be regulated or restrained by law, so that others may not be hurt or hindered unreasonably in the use or enjoyment of

their property. This is the fundamental principle of all regulated cival communities and without it society could hardly exist, except by the law of the strongest. This illegal, unreasonable and unjustifiable use to the injury of another, or of the public, the law denominates a nuisance.''

Concede that the operation of a barbecue stand is not a nuisance *per se.* However, when the prosecuting of a barbecue stand, though a business of itself lawful, is conducted in a neighborhood given over wholly to residences and renders the enjoyment of it materially uncomfortable by the smoke, noise or offensive odors produced by it, the carrying on of such business in that locality may be held a nuisance and restrained by injunction. See Ross v. Butler, 19 N. J. Eq. Rep. 294, where an exhaustive review of the principal cases is to be found.

"A man's home is his castle, and he should be as much entitled to protection against foul stenches, loud and unusual noises, and the torment of flies which cause physical discomfort and suffering as against the armed invader who would plunder and destroy. The difference is one of degree only.'' [McCracken v. Swift & Co. (Mo. App.), 250 S. W. 953.]

In the case of Bielman v. Rys. Co., 50 Mo. App. 151, in the course of the opinion the court said:

"It is well understood that everyone has the right to the reasonable enjoyment of his own property, and so long as the use to which he devotes it violates no right of another, no one has a right to complain. But as to what is a reasonable enjoyment of one's property is determinable by the circumstances in each case. What would be lawful and reasonable in one case or in one locality would be unlawful and unreasonable in another.''

And further on in the opinion speaks with approval of Craven v. Rodenhauser, 21 Atl. Rep. 774, as follows:

"The evidence fully justified the finding of the master that defendant's carpet-cleaning establishment was a nuisance. While such establishments are not necessarily nuisances, or nuisances *per se,* they may yet become so by reason of their location. It is necessary to have carpets cleaned, and this involves a place where such work may be done, but care should be exercised to locate such establishments where they will cause the least annoyance to others. In this case the defendant selected a place immediately adjoining the complainant's house, and the dwelling was rendered uncomfortable by the dust and moths from carpets in the process of the cleaning. This was a nuisance of a very serious character. The appellants might have avoided this difficulty by selecting a different neighborhood for their operations.''

And our supreme court in the recent case of Tureman v. Ketterlin, 263 S. W. 202, in which it was sought to enjoin the maintenance of an undertaking establishment in a residence neighborhood, said:

"An undertaking establishment is not a nuisance *per se*. The business of preparing dead bodies for burial is not only lawful, but indispensable. It may become a nuisance, however, from the manner in which it is conducted or because of the place at which it is maintained, and it is very generally held to be such when it intrudes itself into a strictly residential district." Citing authorities.

"The essential ground of such holding is that the maintenance of an undertaking establishment in a residence district tends to destroy the comfort, well-being and the property rights of the owners of homes therein."

In our judgment, in light of the evidence in the case and under the law of this state, defendants are guilty of a nuisance which it becomes the duty of the court to redress. However an examination of the decree discloses that the defendants, Lando, Brown and Daume are not only enjoined, restrained and prohibited from the further maintenance and operation of the barbecue stand, but that the building in which said stand is operated is ordered to be removed from said lot on or before a certain date. That part of the decree which requires the removal of the building from the lot is in excess of what plaintiff is entitled to under the record in this case. We accordingly affirm the judgment in all things excepting that requiring the removal of the barbecue stand from the lot, and order the cause remanded with directions to the trial court to enter a decree in conformity with our views herein expressed. *Daues, P. J.*, and *Nipper, J.*, concur.